IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

       Plaintiffs,                             No. CIV S-10-2781 KJM EFB PS

    vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.,

       Defendants.                            ORDER
_____/

       This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On March 18, 2011, plaintiffs filed a motion to compel defendant NCC, a Division of Commonwealth Financial Systems, Inc. ("NCC"), to meet and confer in person and in chambers. Dckt. No. 33. Plaintiffs noticed the motion for hearing on April 13, 2011.[1] NCC filed an opposition to the motion on March 30, 2011. Dckt. No. 39.

////

---

[1] Although defendant NCC contends that the motion was not properly noticed for hearing pursuant to Local Rule 230(b), discovery motions may be noticed for hearing twenty-one days after the date of filing and service. *See* L.R. 251(a). Because this motion appears to be a hybrid discovery and non-discovery motion, the court declines to find that it was improperly noticed for hearing.

1

Plaintiffs' motion first requests that this court supervise their discussions with NCC because plaintiffs are displeased with the tone and content of those discussions. Dckt. No. 33 at 2. NCC's opposition also expresses dissatisfaction with the tone and content of those discussions. Dckt. No. 39 at 4-5. However, because plaintiffs have not shown that court supervision over the parties' communications is necessary or authorized, the request is denied. All parties are reminded of their obligations to communicate professionally and courteously with one another.

Plaintiffs also seek a protective order enforcing the provisions of Federal Rule of Evidence 408(a), barring the use of any discussions during a March 15, 2011 telephone call between the parties and any subsequent emails. Dckt. No. 33 at 8. However, as NCC notes in its opposition, NCC is not seeking to introduce any settlement discussions as evidence of plaintiffs' liability. Dckt. No. 39 at 7. Therefore, plaintiffs' request for a protective order enforcing the provisions of Federal Rule of Evidence 408(a) is not ripe and is denied.

Further, plaintiffs seek a protective order barring NCC from propounding discovery until a Federal Rule of Civil Procedure ("Rule") 26(f) conference has been held. Dckt. No. 33 at 8. However, the parties have agreed to postpone a further Rule 26(f) conference until after the newly added defendants appeared in this action and agreed not to propound discovery until after that further Rule 26(f) conference takes place. Dckt. No. 39 at 7; *see also* Dckt. No. 39-5 at 3. Therefore, plaintiffs' request is moot and is denied.

Plaintiffs also seek to compel NCC to produce a corporate disclosure statement, as required by Rule 7.1. Rule 7.1 provides that any "nongovernmental corporate party must file two copies of a disclosure statement that: (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation." Fed. R. Civ. P. 7.1(a). The statement shall be filed with the corporate party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b). Although NCC contends that it was informed by the Clerk of Court in the

Eastern District of California that this district does not require such statements, Dckt. No. 39 at 8 and 11, such statements *are* required in this district.  *See generally* Fed. R. Civ. P. 7.1; *see also Feezor v. Big 5 Corp.*, 2010 WL 308751 (E.D. Cal. Jan. 15, 2010).  Therefore, NCC is ordered to file a Rule 7.1 disclosure statement on or before April 15, 2011.

Finally, plaintiffs seek sanctions against NCC and an award of attorney fees and costs. Dckt. No. 33 at 8.  However, because plaintiffs have not shown that sanctions are warranted or that plaintiffs are entitled to recover fees or costs for filing this motion, their request for sanctions is denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  The April 13, 2011 hearing on plaintiffs' motion to meet and confer, Dckt. No. 33, is vacated;

2.  Plaintiffs' motion to meet and confer is denied in part and granted in part, as provided above; and

3.  On or before April 15, 2011, NCC shall file a corporate disclosure statement, as required by Federal Rule of Civil Procedure 7.1.

DATED: April 4, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3