1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEANINE CAUSEY;
     ROBERT CAUSEY,
11
              Plaintiffs,                    No. CIV S-10-2781 KJM EFB PS
12
        vs.
13
     PORTFOLIO ACQUISITIONS, LLC;
14   NCC, A DIVISION OF COMMONWEALTH
     FINANCIAL SYSTEMS, INC.; OSI
15   COLLECTIONS, INC.; NCO INC.; and
     DOES 1 through 25, inclusive,
16
              Defendants.                    <u>ORDER</u>
17   _____/

18          This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to

19   Eastern District of California Local Rule  302(c)(21) and 28 U.S.C. § 636(b)(1).  Presently

20   pending for decision by the undersigned is plaintiffs' motion for leave to file a second amended

21   complaint.  Dckt. No. 49.  Defendants Portfolio Acquisitions, LLC ("Portfolio"), OSI Collection

22   Services, Inc. ("OSI"), NCO Funding, Inc. ("NCO"), and NCC, a Division of Commonwealth

23   Financial Systems, Inc. ("NCC") oppose the motion.  Dckt. Nos. 58, 60.  For the reasons stated

24   herein, plaintiffs' motion to amend will be granted.

25          Plaintiffs seek leave to file a second amended complaint in order to add additional factual

26   allegations, additional causes of action, and additional defendants.  Dckt. No. 49 at 2.

1

1    Specifically, plaintiffs seek to add six new defendants (NCO Group, Inc., Citigroup, Inc., One

2    Equity Partners, LLC, JP Morgan Chase & Co., the United States Federal Trade Commission

3    ("FTC"), and the State of California Department of Consumer Affairs ("DCA")) and four new

4    causes of action (interference with contract against NCC, malicious prosecution against all

5    defendants, violation of the California Unfair Practices Act against all defendants, and

6    negligence against the FTC and DCA).[1]  Plaintiffs contend that they have diligently prosecuted

7    this case and that there is no reason to deny their request for leave to amend.  *Id.* at 4.

8         Defendants oppose the motion, arguing that plaintiffs have failed to allege any grounds

9    supporting leave to amend, plaintiffs' undue delay in seeking leave to amend would result in

10   prejudice to defendants and the parties added as defendants, and the amendment is futile due to

11   plaintiffs' failure to state a claim on the proposed new causes of action.  Dckt. No. 58 at 2.

12   Defendants contend that plaintiffs have not offered any reason why the proposed amendment is

13   needed and argue that if leave to amend is granted, the newly added parties would be prejudiced

14   by the fact they have been added more than one year after the case was filed, and with only five

15   months left before the close of discovery on April 30, 2012.  *Id.* at 5-6.  Defendants also argue

16   that plaintiffs have unduly delayed seeking leave to amend the complaint for a second time since

17   the purported amendments do not result from recently obtained information that might account

18   for the delay.  *Id.* at 6-7.  Defendants note that the parties that plaintiffs seek to add because they

19   have an ownership interest in OSI and Portfolio and their parent corporation (defendants NCO

20   Group, Inc., Citigroup, Inc., One Equity Partners, LLC, and JP Morgan Chase & Co.) have been

21   known to plaintiffs since March 30, 2011 when they were identified in Rule 7.1(a) disclosure

22

23        [1] The original complaint named Portfolio and NCC as defendants. The first amended
     complaint named Portfolio, OSI, NCO, and NCC and asserted the following six causes of action:
24   (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"); (2)
     violation of the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §§ 1788, *et seq.*; (3)
25   breach of settlement agreement; (4) negligence; (5) failure to exercise ordinary care; and (6)
     falsification of records and evidence tampering.  Dckt. No. 14.  The proposed second amended
26   complaint does not re-allege the claim for "failure to exercise ordinary care."  *See* Dckt. No. 49.

2

statements filed on that date. *Id.* Defendants further contend that the existing defendants will be prejudiced if plaintiffs are given leave to add the additional defendants since doing so will lead to additional motion practice, and the existing defendants, who have been in this case for over a year, have an interest in seeing this litigation end. *Id.* at 7. Allowing plaintiffs to pursue meritless claims against multiple additional defendants that were not related in any way to the collection conduct underlying the lawsuit will delay this litigation further, thereby unfairly prejudicing defendants. *Id.*

Defendants further contend that plaintiffs' proposed amendments are futile. *Id.* at 8-11. Specifically, defendants contend that (1) plaintiffs' malicious prosecution claim is barred by the applicable statute of limitations; (2) plaintiffs fail to allege injury supporting an Unfair Practices Act claim and plaintiffs fail to state any facts demonstrating a viable claim against the newly named defendants; and (3) plaintiffs fail to state a claim for negligence against the FTC and the DCA. *Id.*

In response, plaintiffs argue that, while they have yet to serve discovery upon defendants, this does not mean that no new information has been discovered. Dckt. No. 62 at 3. Plaintiffs contend that they have gathered information through other avenues suggesting that it is unclear who owns the account at issue, and therefore, they contend that "prudence suggests that [they] include all parties that have a financial interest in the account." *Id.* at 3-4. Plaintiffs also contend that they have not unduly delayed in seeking to amend, and did so within the deadline set by the court. They contend, however, that any "delay" was reasonable, in light of the numerous "life events" that occurred that were beyond plaintiffs' control, including numerous family emergencies, technical issues, and work-related conflicts. *Id.* at 4-6.

Plaintiffs further contend that preventing them from filing a second amended complaint would be prejudicial since it would preclude them from ensuring that those responsible for the conduct alleged in each of plaintiffs' complaints is/are held accountable. *Id.* at 6-7. With regard to the prejudice to defendants, plaintiffs contend that any such prejudice is premised on the fact

1   that there is not enough time left under the current scheduling order, and they acknowledge that

2   defendants could seek relief from the dates set forth in the scheduling order.  *Id.* at 7.  Finally,

3   plaintiffs contend that amendment would not be futile, since plaintiffs' malicious prosecution

4   claim is not time-barred and plaintiffs have adequately alleged claims for violation of the

5   California Unfair Practices Act and for negligence.  *Id.* at 7-10.

6           The Rule 16 scheduling order issued in this action provided the parties until September

7   30, 2011 "to seek leave to amend the pleadings and/or to join additional parties in accordance

8   with the Federal Rules of Civil Procedure and this court's Local Rules."  Dckt. No. 48 at 2.

9   Because plaintiffs filed their motion to amend on September 30, 2011, the court will look to

10  Federal Rule of Civil Procedure 15 for the standards governing plaintiffs' motion to amend.

11          Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course

12  within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading

13  is required, 21 days after service of a responsive pleading or 21 days after service of a motion

14  under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Rule 15(a)(2)

15  provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's

16  written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Because plaintiffs have already

17  amended their complaint once before, plaintiffs need leave of court to file an amended

18  complaint.

19          Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so

20  requires."  *Id.*  The policy of freely granting leave to amend should be applied with "extreme

21  liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When

22  determining whether to grant leave to amend under Rule 15(a), a court should consider the

23  following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to

24  the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  According to the Ninth Circuit,

25  "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing

26  that prejudice is on the party opposing amendment.  *Howey v. United States*, 481 F.2d 1187,

1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187.  Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, although plaintiffs' original complaint was filed over a year ago, the court cannot say that there has been "undue delay" by plaintiffs in seeking leave to file their proposed second amended complaint.  Nor is there any indication that plaintiffs, who are appearing *pro se*, have made the request for leave to amend in bad faith.  Further, the court cannot say at this time that amendment would be futile, and any arguments defendants have made about futility can presumably be made in a motion to dismiss plaintiffs' second amended complaint.  Moreover, the burden of showing prejudice is upon the party opposing the amendment and defendants have not carried that burden since their primary argument in support of prejudice is based on the scheduling order in place in this action, and as plaintiffs note, if any dates in the scheduling order need to be modified as a result of plaintiffs' second amended complaint, defendants may file a stipulation or a motion to amend that scheduling order.  The court will consider plaintiffs' amendment when determining whether good cause supports such a modification.  Accordingly, plaintiffs' request to file a second amended complaint will be granted.  *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for leave to file a second amended complaint, Dckt. No. 58, is granted;

2. Within seven days from the date this order is filed, plaintiffs shall file a copy of their second amended complaint, Dckt. No. 49 at 5, as a separate docket entry;

3. Defendants who have already been served in this action shall file a response to plaintiffs' second amended complaint within fourteen days from the date the second amended complaint is filed as a separate docket entry;

1     4.  Defendants who have not yet been served in this action shall file a response to

2  plaintiffs' second amended complaint within fourteen days from the date of service of the second

3  amended complaint; and

4     5.  Plaintiffs shall serve a copy of this order, as well as this court's Rule 16 scheduling

5  order, Dckt. No. 48, concurrently with service of process on any newly added defendants.

6  DATED:  January 4, 2012.

7

8                         EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26