IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

        Plaintiffs,                      No. CIV S-10-2781 KJM EFB PS

    vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.; OSI
COLLECTIONS, INC.; NCO INC.; and
DOES 1 through 25, inclusive,

        Defendants.               <u>ORDER</u>

/

        This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On January 27, 2012, counsel for defendant NCC, a division of Commonwealth Financial Systems, Inc. ("NCC") filed a stipulation for an order allowing their firm, Carlson and Messer LLP ("C&M"), to withdraw as counsel of record for NCC. Dckt. No. 80. The stipulation provides that NCC and C&M entered into a written retainer agreement which provides, *inter alia*, that NCC can terminate C&M's services upon written notice and that C&M has the right to terminate its services upon 10 days prior written notice of withdrawal if there is a difference of opinion between NCC and C&M about litigation strategy or decision, if NCC refuses to follow C&M's

1

advice, if NCC fails to timely pay C&M, if it would be unlawful or unethical for C&M to continue representing NCC, or for any other reason allowed by law. *Id.* at 1-2. The stipulation further provides that NCC has failed to pay any of C&M's invoices for fees and costs since October 2010, and that on January 24, 2012, C&M gave NCC's president notice that C&M would be terminating its services and seeking a court order authorizing C&M to withdraw. *Id.* at 2. According to the stipulation, C&M informed NCC that trial is scheduled in this action for December 12, 2012, and notified NCC that a corporation cannot represent itself and that without counsel, NCC will lose the ability to defend against this case. *Id.* at 2, 3. Therefore, C&M informed NCC that it must retain new counsel. *Id.* at 3. Finally, the stipulation provides that NCC has requested that C&M withdraw as counsel because the costs and expenses have gotten too great and notes that NCC "will not contest the withdrawal and in fact invited it." *Id.*

      As provided in Local Rule 182(d), "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." California Rule of Professional Conduct 3-700(C)(1) provides that an attorney may withdraw when, among other things, the client "renders it unreasonably difficult for the member to carry out the employment effectively" or "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule. Prof. Conduct 3-700(C)(1)(d), (f). However, an attorney "shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, [and] allowing time for employment of other counsel . . . ." *Id.* Rule 3-700(A)(2). Additionally, as noted by C&M, a corporation may not appear pro se and may only appear by an attorney. *See* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney."); *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); *In Re Highley,* 459 F.2d 554, 555 (9th Cir.1972) ("A corporation can appear in a court proceeding only through an attorney at law").

Here, although the stipulation demonstrates that NCC has rendered it unreasonably difficult for C&M to carry out the employment effectively" and has breached an agreement or obligation to C&M as to expenses and fees, and although C&M indicates it informed NCC about the December 12, 2012 trial date and notified NCC that a corporation cannot represent itself and that without counsel NCC would lose the ability to defend against this case, the stipulation makes no mention of the motion to dismiss that C&M filed on behalf of NCC on January 24, 2012. *See* Dckt. No. 73. That motion to dismiss is presently noticed for hearing on March 7, 2012. Dckt. No. 79. Because NCC cannot represent itself and there is no indication in the stipulation regarding whether and when NCC would be able to obtain new counsel, it is unclear to the court how NCC would purport to proceed with the motion to dismiss if C&M is permitted to withdraw. If the court permits C&M to withdraw and NCC does not obtain counsel at least 28 days before the March 7 hearing date (or by February 8, 2012), the motion to dismiss will be deemed withdrawn. Additionally, if the court permits C&M to withdraw and NCC does not obtain counsel within 30 days of any order permitting such withdrawal, NCC's answer will be stricken and default will be entered against NCC. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("When High Country failed to [obtain counsel as ordered], the district court entered a default judgment against it; this was perfectly appropriate."); see also *Orange County Elec. Industry Health and Welfare Trust Fund v. Moore Elec. Contracting*, 2011 WL 2940311, at *2 (N.D. Cal. July 20, 2011). However, because it is unclear whether NCC has been specifically informed of all of those consequences, including the impact of withdrawal on NCC's motion to dismiss, and it is unclear whether NCC would still stipulate to C&M's withdrawal if it was aware of those consequences, the current stipulation will not be signed at this time.

SO ORDERED.

DATED: February 1, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE