Jeanne L. Zimmer (SBN: 123321)
ZimmerJ@cmtlaw.com
Keith A. Yeomans (SBN: 245600)
YeomansK@cmtlaw.com
Carlson & Messer LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
NCC a division of COMMONWEALTH FINANCIAL SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANINE CAUSEY aka JEANINE BOYD; ROBERT CAUSEY, <br><br>    Plaintiffs, <br><br> vs. <br><br> PORTFOLIO ACQUISITIONS, LLC; NCC a division of COMMONWEALTH FINANCIAL SYSTEMS, INC.; OSI COLLECTION SERVICES, INC.; NCO GROUP, INC.; CITIGROUP, INC.; ONE EQUITY PARTNERS, LLC; JP MORGAN CHASE & CO.; THE UNITED STATES FEDERAL TRADE COMMISSION; THE STATE OF CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS; and DOES 1 - 25, Inclusive, <br><br>    Defendants. | Case no. 2:10-cv-02781-KJM-EFB <br><br> AMENDED STIPULATION FOR AN ORDER ALLOWING CARLSON & MESSER LLP TO WITHDRAW AS COUNSEL-OF-RECORD FOR DEFENDANT <br><br> Judge: Hon. Edmund F. Brennan <br><br> Complaint Filed:   October 13, 2010 <br> Trial Date:            December 10, 2012 |

IT IS HEREBY STIPULATED TO BY AND BETWEEN Defendant NCC a division of COMMONWEALTH FINANCIAL SYSTEMS, INC.(hereinafter, "NCC") through its President, Matthew Healey, and CARLSON & MESSER LLP (hereinafter, "C&M"), as follows:

1.  WHEREAS, NCC and C&M (hereinafter collectively referred to as the "Parties")

1

entered into a written Retainer Agreement[1] which provides that:

    a.    Client shall have the unrestricted right to terminate the services of C&M upon written notice.  C&M shall have the right to terminate its services upon 10 days prior written notice of withdrawal, in the event any of the following occur:

    b.    Client acknowledges that, in the event of a difference of opinion between Client and C&M as to the advisability of a litigation strategy or decision, C&M shall be under no obligation to pursue the litigation and may withdraw from representation;

    c.    If Client refuses to follow C&M's advice;

    d    If Client fails to pay any statements of C&M for costs and expenses in full, in a timely manner;

    e.    If it would be unlawful or unethical for C&M to continue representing Client; and

    f.    For any other reason allowed by law.

2.    WHEREAS, Rule 3-700 of the California Rules of Professional Conduct authorize lawyers to withdraw if, "The client. . . .by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or. . . .breaches an agreement or obligation to the member as to expenses or fees."  Rule 7-300(C)(1), subsections (d) and (f).

3.    WHEREAS, NCC has failed to pay any of C&M's invoices for fees and costs incurred since October 2010.

4.    WHEREAS, C&M informed NCC that trial is scheduled for December 12, 2012 in Sacramento, California.

5.    WHEREAS, on or about January 24, 2012, C&M gave NCC's president notice that C&M would be terminating its services and seeking a court order authorizing C&M to withdraw as counsel for defendant NCC for the reasons as set forth in this Stipulation.

---

[1] The agreement defines "Client" as NCC and it defines "C&M" as Carlson & Messer LLP.

6. WHEREAS, C&M has notified NCC that a corporation cannot represent itself, and that without counsel, NCC will lose the ability to defend against this case. Therefore, C&M informed NCC that it must retain new counsel.

7. WHEREAS, C&M has notified NCC that if NCC fails to obtain local counsel prior to February 8, 2012, the motion to dismiss currently set for hearing on March 7, 2012 will be deemed withdrawn.

8. WHEREAS, C&M has notified NCC that if NCC fails to obtain local counsel within 30 days of an order permitting the withdrawal of C&M, NCC will not be permitted to appear, any answer then filed on behalf on NCC will be stricken, a default will be entered against NCC, and if not cured, NCC will be subject to a default judgment.

9. WHEREAS, NCC's conduct has made C&M's representation of NCC unreasonably difficult. Pursuant to California Rules of Professional Conduct 7-300(C)(1)(d) and 7-300(C)(1)(f).

10. WHEREAS, NCC has requested that C&M withdraw as counsel because the costs and expenses of this litigation have gotten too great, that NCC will not contest the withdrawal and in fact invited it, and in lieu of a motion, NCC agrees to stipulate to C&M's request to withdraw.

THEREFORE, the Parties hereby stipulate and agree that Carlson & Messer LLP be relieved as counsel for defendant NCC.

DATED: February 2, 2012          CARLSON & MESSER LLP

                                 By  /s/ Jeanne L. Zimmer
                                     Jeanne L. Zimmer, Esq.
                                     Attorneys for Defendant
                                     NCC a division of
                                     COMMONWEALTH FINANCIAL
                                     SYSTEMS, INC

DATED: February 2, 2012

                                 NCC a division of COMMONWEALTH
                                 FINANCIAL SYSTEMS, INC.

                                 By  Matthew Healey
                                     MATTHEW HEALEY
                                     President

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, CA 90045.

On **February 2, 2012**, I served the foregoing document(s) described as: **AMENDED STIPULATION FOR AN ORDER ALLOWING CARLSON & MESSER LLP TO WITHDRAW AS COUNSEL-OF-RECORD FOR DEFENDANT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ]   **BY ELECTRONIC MAIL**: Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]   **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messed LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]   **VIA NEXT DAY FEDERAL EXPRESS**
I delivered the above described documents in the above described envelopes to Federal Express for delivery via FedEx next business morning.

[ ]   **PERSONAL SERVICE BY HAND-** I personally served document to address stated on POS Service List.

[ ]   **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **2nd day of February 2012** at Los Angeles, California.

*Linda Brooks*
Linda Brooks

---
1
PROOF OF SERVICE

**SERVICE LIST**
**Jeanine Causey a/ka Jeanine Boyd, Robert Causey**
**06487.00**

Robert Causey                                                **IN PRO PER**
Jeanine Causey
311 Teresa Place
Manteca, California 95337