IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

        Plaintiffs,                     No. CIV S-10-2781 KJM EFB PS

   vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.; OSI
COLLECTION SERVICES, INC.; NCO
GROUP, INC.; CITIGROUP, INC.; ONE
EQUITY PARTNERS, LLC; JP MORGAN
CHASE & CO.; UNITED STATES FEDERAL
TRADE COMMISSION; STATE OF
CALIFORNIA DEPARTMENT OF
CONSUMER AFFAIRS; and
DOES 1 through 25, inclusive,          ORDER

        Defendants.
_____/

     This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On March 27, 2012, defendants Portfolio Acquisitions, LLC, OSI Collection Services, Inc., NCO Group, Inc., One Equity Partners, LLC, JP Morgan Chase & Co., Citigroup, Inc., and NCC, a division of Commonwealth Financial Systems, Inc. filed a motion to modify the status (pretrial scheduling) order in this action and noticed the motion for hearing on May 2, 2012. Dckt. No. 104; *see also* Dckt. No. 48 (June 7,

1

1  2011 Status (Pretrial Scheduling) Order).  The moving defendants seek a ninety day extension of
2  the deadline for motions to compel and to complete discovery "because plaintiff Jeanine Causey
3  is not available for deposition until mid- to late-May 2012."  *Id.* at 2.  They do not seek to
4  modify any other dates or deadlines set forth in the status (pretrial scheduling) order.  *Id.*

5  The only other named defendants, the United States Federal Trade Commission and the
6  State of California Department of Consumer Affairs, each filed a statement of non-opposition to
7  the motion.  Dckt. Nos. 106, 107.  Additionally, although Local Rule 230(c) provides that
8  opposition to the granting of a motion, or a statement of non-opposition thereto, must be served
9  upon the moving party, and filed with this court, no later than fourteen days preceding the
10 noticed hearing date (or, in this instance, by April 18, 2012), plaintiffs did not file an opposition
11 or a statement of non-opposition to the motion.

12 A schedule may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good
13 cause exists when the moving party demonstrates he cannot meet the deadline despite exercising
14 due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).
15 "Although the existence or degree of prejudice to the party opposing the modification might
16 supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's
17 reasons for seeking modification."  *Id.*  Here, in light of the moving defendants' representation
18 that one of the plaintiffs is unavailable for deposition until May 2012, the court finds that the
19 request to continue the discovery and motion to compel deadlines is supported by good cause.
20 Therefore, those deadlines will be continued.  Additionally, because of the discovery extension,
21 several of the other deadlines in the status (pretrial scheduling) order will also be continued.

22 Accordingly, IT IS HEREBY ORDERED that:

23 1.  Defendants' motion to modify the scheduling order, Dckt. No. 104, is granted, and the
24 May 2, 2012 hearing thereon is vacated.

25 ////
26 ////

2. The discovery completion deadline set forth in the status (pretrial scheduling) order is continued from April 30, 2012 to July 30, 2012.[1] Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than June 27, 2012.

3. In light of the extension of the discovery deadline, the deadline for hearings on any non-discovery law and motion matters is continued from June 27, 2012 to August 29, 2012; the final pretrial conference is continued from September 19, 2012 to November 15, 2012 at 3:30 p.m. in Courtroom No. 3 before Judge Kimberly J. Mueller; and the December 10, 2012 trial commencement date is continued to February 4, 2013 at 9:00 a.m. in Courtroom No. 3 before Judge Kimberly J. Mueller.

4. All other dates and deadlines set forth in the status (pretrial scheduling) order shall remain the same.

SO ORDERED.

DATED: April 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] As provided in the status (pretrial scheduling) order, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

3