IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

      Plaintiffs,                        No. 2:10-cv-2781-KJM-EFB PS

    vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.; OSI
COLLECTION SERVICES, INC.; NCO
GROUP, INC.; CITIGROUP, INC.; ONE
EQUITY PARTNERS, LLC; JP MORGAN
CHASE & CO.; UNITED STATES FEDERAL
TRADE COMMISSION; STATE OF
CALIFORNIA DEPARTMENT OF
CONSUMER AFFAIRS; and
DOES 1 through 25, inclusive,          ORDER

      Defendants.
_____/

      This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On June 15, 2012, defendants Portfolio Acquisitions, LLC, OSI Collection Services, Inc., NCO Group, Inc., One Equity Partners, LLC, JP Morgan Chase & Co., Citigroup, Inc., and NCC, a division of Commonwealth Financial Systems, Inc. filed a motion for a ninety day extension of the discovery related deadlines in the

////

status (pretrial scheduling) order, and noticed the motion for hearing on July 18, 2012.[1]  Dckt. No. 130; *see also* Dckt. No. 129 (April 23, 2012 Order Modifying Status (Pretrial Scheduling) Order).  Defendants contend that good cause supports the requested extension because plaintiff Robert Causey indicated on June 15, 2012 that plaintiffs will not be available for deposition until mid-September 2012 and therefore discovery cannot be timely completed under the current deadlines.  Dckt. No. 130 at 2; Dckt No 130-1 at 4.  According to defendants, they have "moved diligently to set the depositions of plaintiffs since notices of depositions were first served on February 15, 2012," but "[t]he depositions have not gone forward to date due to plaintiffs' unavailability."  Dckt. No. 130-1 at 5; *see also id.* at 2-4 and Kirkpatrick Decl. ¶¶ 2-5 (indicating that on February 15, 2012, defendants noticed a deposition for March 8, 2012, but plaintiffs indicated they were unavailable until mid to late May 2012; on May 11, 2012 (with follow-up emails on May 21 and May 24), defendants noticed a deposition for May 30, 2012, but plaintiffs indicated on May 28, 2012 that they were unavailable on May 30, 2012; and on May 28 and May 29, 2012, defendants' counsel requested alternative dates from plaintiffs, but on June 15, 2012, plaintiffs indicated they would be unavailable for deposition until mid-September 2012).  Defendants contend that if the requested extension of the discovery deadlines is not granted, defendants "will be prejudiced by the inability to conduct the plaintiffs' depositions prior to the trial of this matter."  Dckt. No. 130-1 at 5.  Defendants do not seek to modify any other dates or deadlines set forth in the status (pretrial scheduling) order.[2]  *See generally id.*

---

[1] The United States Federal Trade Commission filed a statement of non-opposition to the motion.  Dckt. No. 132.  Counsel for the State of California also indicated that it has no opposition to the requested relief.  Kirkpatrick Decl., Dckt. No. 130-1 at 8, ¶ 6.

[2] Also on June 15, 2012, the moving defendants filed a motion to compel the depositions of plaintiffs within the current discovery deadlines, and noticed the motion for hearing on June 27, 2012.  Dckt. No. 131.  The moving defendants filed the motion as an "alternative to the concurrently filed motion to extend discovery related deadlines."  Dckt. No. 136 at 4.  Plaintiffs oppose the motion and request sanctions for having to respond thereto.  Dckt. No. 134.  Because the motion to extend the discovery related deadlines will be granted, the motion to compel will be denied as unnecessary and plaintiffs' request for sanctions will also be denied.

Plaintiffs oppose the motion. Dckt. No. 133. Specifically, plaintiffs contend that there is no good cause in support of a discovery extension because defendants did not diligently pursue discovery in this action. *Id.* at 3. Plaintiffs contend that despite the year and a half since discovery commenced, defendants twice waited until the last possible moment to notice plaintiffs' depositions, never provided plaintiffs with *reasonable* notice of the depositions, and did not attempt to confirm plaintiffs' availability prior to selecting the two noticed deposition dates. *Id.* Plaintiffs also contend that the motion for an extension is untimely and that defendants have not met their burden of demonstrating that they would be prejudiced by the denial of their motion. *Id.* at 4, 5. Finally, plaintiffs seek sanctions for having to respond to the motion. *Id.* at 5. Plaintiffs do concede, however, that they are not available for depositions until at least mid-September 2012. *Id.* at 3.

A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Here, good cause supports granting defendants' motion to modify the discovery related deadlines in the scheduling order. Despite plaintiffs' contentions otherwise, defendants exercised due diligence in noticing plaintiffs' depositions. Defendants provided reasonable notice of both the March 8, 2012 and May 30, 2012 deposition dates, but both dates had to be vacated due to plaintiffs' unavailability. Additionally, although plaintiffs contend that the motion is untimely, defendants did not learn until June 15, 2012 (and could not otherwise have foreseen) that plaintiffs would be unavailable for deposition until mid-September 2012. In light of plaintiffs' schedules, absent a modification of the discovery related deadlines, defendants will be prejudiced by their inability to depose plaintiffs. Accordingly, defendants' motion for a

ninety day extension of the discovery related deadlines, Dckt. No. 130, will be granted, and plaintiffs' request for sanctions, Dckt. Nos. 133 and 134, will be denied.[3] Additionally, because of the discovery extension, several of the other deadlines in the status (pretrial scheduling) order will also be continued.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to modify the scheduling order, Dckt. No. 130, is granted, and the July 18, 2012 hearing thereon is vacated.

2. Defendants' motion to compel the depositions of plaintiffs within the current discovery deadlines, Dckt. No. 131, is denied as unnecessary, and the June 27, 2012 hearing thereon is vacated.

3. Plaintiffs' requests for sanctions, Dckt. Nos. 133 and 134, are denied.

4. The discovery completion deadline set forth in the amended status (pretrial scheduling) order is continued from July 30, 2012 to October 29, 2012.[4] Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than September 26, 2012.

5. In light of the extension of the discovery deadline, the deadline for hearings on any non-discovery law and motion matters is continued from August 29, 2012 to November 29, 2012; the final pretrial conference is continued from November 15, 2012 to March 7, 2013 at 3:30 p.m. in Courtroom No. 3 before Judge Kimberly J. Mueller; and the February 4, 2013 trial

---

[3] The ninety day extension is based on plaintiffs' representation that they will be unavailable for deposition until mid-September 2012. Plaintiffs have also indicated, however, that the mid-September 2012 availability may be pushed to a later date due to plaintiffs' work obligations. Kirkpatrick Decl. ¶ 5. Plaintiffs are warned that if they are unavailable for deposition in or before mid-September 2012, the scheduling order may need to be even further modified in order to permit defendants to depose plaintiffs within the prescribed discovery deadlines.

[4] As provided in the status (pretrial scheduling) order, Dckt. No. 48, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

commencement date is continued to June 10, 2013 at 9:00 a.m. in Courtroom No. 3 before Judge Kimberly J. Mueller.

      6. All other dates and deadlines set forth in the status (pretrial scheduling) order shall remain the same.

      SO ORDERED.

DATED:  June 21, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE