IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

      Plaintiffs,                            No. 2:10-cv-2781-KJM-EFB PS

    vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH    ORDER
FINANCIAL SYSTEMS, INC.,

      Defendants.
_____/

       This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On October 18, 2012, defendant Portfolio Acquisitions, LLC ("Portfolio") filed a motion to compel plaintiff Robert Causey to respond to Portfolio's Second Set of Discovery Requests, and noticed the motion for hearing on November 7, 2012. Dckt. No. 143. Robert Causey filed an opposition to the motion on October 24, 2012. Dckt. No. 146.

       Portfolio contends that although it propounded interrogatories and requests for production of documents on August 1, 2012, Mr. Causey has failed to provide any response to those discovery requests. Dckt. No. 143 at 2; Dckt. No. 143-1 at 2; Kirkpatrick Decl., Dckt. No. 143-2, ¶¶ 2-3. Therefore, Portfolio seeks to compel his responses pursuant to Federal Rule of

1

Civil Procedure 37(a) and Eastern District of California Local Rule 251(e). Dckt. No. 143-1 at 2, 5. Portfolio's counsel contends that she was unable to meet and confer with Mr. Causey in advance of filing the motion to compel since counsel has been unable to reach plaintiffs by telephone or e-mail and had no response from plaintiffs to her communications by U.S. mail. *Id.* at 2, 5-6; Kirkpatrick Decl. ¶¶ 4-8, Exs. B-H

Mr. Causey opposes the motion to compel. Dckt. No. 146. He acknowledges an obligation to respond to the discovery requests, but disputes Portfolio's contention that the responses are past due. *Id.* at 5. Specifically, Mr. Causey contends that Portfolio placed the discovery requests on hold in a letter dated August 3, 2012, and that Mr. Causey "stood down on discovery as requested." *Id.* at 5, 6, 9-10. Mr. Causey also contends that he did receive a letter from Portfolio's counsel on October 11, 2012, but did not immediately respond because he was in the process of drafting an amended complaint herein, which was filed on October 18, 2012, the same date that Portfolio filed its motion to compel. *Id.* at 6, 7. Further, Mr. Causey states that he has not granted Portfolio's counsel permission to contact him via telephone or e-mail. *Id.* at 5. Mr. Causey requests that his failure to respond to the discovery requests be excused in light of the request by Portfolio's counsel that discovery be placed on hold, and that he be granted a ninety day extension of time to respond to the discovery requests due to his "continuing work obligations." *Id.* at 7. He also requests that Portfolio's counsel be ordered to cease and desist all further attempts to communicate with him via telephone and/or email unless permission has been granted. *Id.*

Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and

2

place and in a manner mutually convenient to counsel." *Id.*; *see also* E.D. Cal. L.R. 251(e) (exempting parties from filing a Joint Statement re Discovery Disagreement when there has been a complete and total failure to respond to a discovery request or order or when the only relief sought by the motion is the imposition of sanctions, but not exempting the parties from attempting to meet and confer). Additionally, Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Although the court appreciates Portfolio's counsel's numerous attempts to meet and confer with Mr. Causey before filing the present motion to compel, because the parties have not actually met and conferred and it appears that the meet and confer process could result in the parties resolving the motion to compel without court intervention, Portfolio's motion to compel is denied without prejudice, and the November 7, 2012 hearing thereon is vacated.[1] *See* E.D. Cal. L.R. 251(b). The parties are directed to meet and confer either telephonically or in person in an effort to resolve this dispute without court intervention.[2] In light of defense counsel's representations regarding her inability to reach Mr. Causey at his telephone number of record, within fourteen days of the date of this order, Mr. Causey shall either (1) telephone Portfolio's counsel in order to conduct the meet and confer process or to arrange a time to do so, or (2) contact Portfolio's counsel via email or U.S. mail to either provide a working telephone number at which Mr. Causey can be contacted or to set up a time at which Mr. Causey is available to

---

[1] Mr. Causey's request for a ninety day extension is also denied without prejudice. The parties shall discuss that request for a continuance during the meet and confer process.

[2] Mr. Causey's request that Portfolio's counsel stop contacting him via email and telephone is denied. Although plaintiffs may not have consented to *service* by email or telephone, that does not mean that defense counsel cannot use the telephone or email to contact plaintiffs, who are proceeding in this action without counsel, for other means (such as to meet and confer regarding a discovery dispute). Mr. Causey has not shown that defense counsel's attempts to contact him via telephone or email have been inappropriate or unjustified, or that defense counsel has failed to communicate with him in a professional and/or courteous manner.

1  meet and confer with Portfolio's counsel in person.  If the parties' meet and confer efforts do not
2  resolve the discovery dispute, Portfolio may re-notice the motion to compel for hearing.
3      SO ORDERED.
4  DATED: October 29, 2012.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

4