IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

        Plaintiffs,                         No. 2:10-cv-2781-KJM-EFB PS

    vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.; OSI
COLLECTION SERVICES, INC.; NCO
GROUP, INC.; CITIGROUP, INC.; ONE
EQUITY PARTNERS, LLC; JP MORGAN
CHASE & CO.; UNITED STATES FEDERAL
TRADE COMMISSION; STATE OF
CALIFORNIA DEPARTMENT OF
CONSUMER AFFAIRS; and
DOES 1 through 25, inclusive,            <u>ORDER</u>

        Defendants.
_____/

       This action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On November 28, 2012, defendants Portfolio Acquisitions, LLC and NCC, a Division of Commonwealth Financial Systems, Inc., filed a motion to modify the court's scheduling order.  Dckt. No. 152.  The motion was originally noticed for hearing on January 9, 2013, but on December 5, 2012, the undersigned granted defendants' ex parte application to have that motion heard on shortened time and advanced the hearing to December 13, 2012.  Dckt. No. 154.

1

A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Defendants contend that "[g]ood cause exists to extend the case management deadlines . . . because discovery cannot otherwise be completed in a timely manner due to 1) Plaintiffs' stated unavailability for depositions; 2) Plaintiff Robert Causey's work / scheduling conflicts; and 3) the continuance of the motion to dismiss hearings to January 23, 2013." Dckt. No. 152 at 2. Defendants add that "[p]laintiffs' refusal to accept email or phone calls from defense counsel [is] also inhibiting discovery efforts." *Id.* Therefore, defendants seek to continue the discovery completion deadline to June 28, 2013; the motion to compel hearing deadline to May 29, 2013; the law and motion hearing deadline to August 30, 2013; the final pretrial conference to January 10, 2014; and the trial commencement date to April 14, 2014. *Id.* Defendants add that "[i]f the Court approves the extension of the above-referenced dates, Defendants further request the Court grant Plaintiff Robert Causey an extension through February 28, 2013 to respond to the August 1, 2012 Discovery." *Id.*

Plaintiffs oppose the motion, arguing that the motion "is based on fraudulent documents derived from the criminal act of computer fraud perpetuated by defendants' attorneys."[1] Dckt. No. 156 at 12. The gist of plaintiffs' argument is that plaintiffs have not authorized defense counsel to contact them via email or telephone, and that therefore, defense counsel's attempts to

---

[1] On December 6, 2012, after this court granted defendants' ex parte application to shorten time for the hearing on defendants' motion to modify the court's scheduling order, but before plaintiffs received that order, plaintiffs filed a motion for an extension of time to respond to the motion to modify and a continuance of the hearing date thereon. Dckt. No. 155. As plaintiffs have now filed an opposition to the motion to modify the scheduling order, Dckt. No. 156, plaintiffs' request for an extension of time to file that opposition is denied as moot.

contact them via email and telephone constitute computer fraud within the meaning of 18 U.S.C. § 1030. *Id.* at 14-15. That argument is baseless.

As noted in this court's October 30, 2012 order, "[a]lthough plaintiffs may not have consented to *service* by email or telephone, that does not mean that defense counsel cannot use the telephone or email to contact plaintiffs, who are proceeding in this action without counsel, for other means (such as to meet and confer regarding a discovery dispute)."[2] Dckt. No. 147 at 3, n.2. Plaintiffs have not shown that defense counsel's attempts to contact them via telephone or email have been inappropriate or unjustified, let alone criminal, or that defense counsel has failed to communicate with plaintiffs in a professional and/or courteous manner. Indeed, those efforts to communicate are precisely the sort of meet and confer process contemplated by the federal and local rules for the parties to narrow issues. Therefore, plaintiffs cannot contend that defense counsel's attempts to contact plaintiffs amount to a basis for denying defense counsel's motion to modify the scheduling order, especially when the need for the modification is based in significant part on the difficulty that plaintiffs' lack of communication has created in moving this case forward.[3]

Plaintiffs have not provided any reason why the dates set forth in the current scheduling order should not be modified, especially since the need for that modification has arisen primarily from plaintiffs' multiple extensions of time in this action and their refusal to communicate with defense counsel. Therefore, for the reasons set forth in defendants' motion to modify the scheduling order and the declarations and exhibits in support thereof, that motion is granted.

////

---

[2] That order also noted the difficulties defense counsel was having in communicating with plaintiffs and, as a result, expressly ordered plaintiffs to meet and confer with defendants in person or via telephone. Dckt. No. 147 at 3.

[3] Plaintiffs also appear to argue that the discovery sought by defendants exceeds the permissible scope of discovery. Dckt. No. 156 at 2-4. However, defendants' motion to modify the scheduling order does not impact the scope of discovery nor does it relate to the merits of any of defendants' outstanding discovery requests.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' request for an extension of time to respond to defendants' motion to modify the scheduling order, Dckt. No. 155, is denied as moot.

2. Defendants' motion to modify the scheduling order, Dckt. No. 152, is granted, and the December 13, 2012 hearing thereon is vacated.

3. The status (pretrial scheduling) order, Dckt. Nos. 48, 137 and 141, is modified as follows:

    a. The discovery completion deadline is continued from February 15, 2013 to June 28, 2013.[4]  Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules and must be heard not later than May 29, 2013.

    b. The deadline for hearings on any non-discovery law and motion matters is continued from April 17, 2013 to August 28, 2013.

    c. The final pretrial conference is continued from August 22, 2013 to March 6, 2014 at 3:30 p.m. in Courtroom No. 3 before Judge Kimberly J. Mueller.

    d. The November 18, 2013 trial commencement date is continued to June 2, 2014 at 9:00 a.m. in Courtroom No. 3 before Judge Kimberly J. Mueller.

4. Plaintiff Robert Causey has until February 28, 2013 to respond to defendants' August 1, 2012 discovery requests.

////
////
////
////
////

---

[4] As provided in the status (pretrial scheduling) order, Dckt. No. 48, the word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

1    5.  All other dates and deadlines set forth in the status (pretrial scheduling) order shall
2 remain the same.
3    SO ORDERED.
4 DATED: December 11, 2012.

 EDMUND F. BRENNAN
 UNITED STATES MAGISTRATE JUDGE

5