1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JEANINE CAUSEY;
    ROBERT CAUSEY,
11
              Plaintiffs,                  No. 2:10-cv-2781-KJM-EFB PS
12
         vs.
13
    PORTFOLIO ACQUISITIONS, LLC;
14  NCC, A DIVISION OF COMMONWEALTH
    FINANCIAL SYSTEMS, INC.; and
15  DOES 1 through 25, inclusive,
                                                    ORDER
16            Defendants.
    _____/
17

18         This case, in which plaintiffs are proceeding pro se, was referred to the undersigned

19  under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Defendants Portfolio

20  Acquisitions, LLC ("Portfolio") and NCC, a Division of Commonwealth Financial Systems, Inc.

21  ("NCC") have each filed motions to dismiss, which were noticed for hearing on January 23,

22  2012.  Dckt. Nos. 148, 149; *see also* Dckt. No. 151.  For the reasons stated herein, the motions to

23  dismiss will are denied.

24  I.    BACKGROUND

25         On September 27, 2012, the assigned district judge adopted the undersigned findings and

26  recommendations, and dismissed all claims in plaintiffs' second amended complaint except their

                                           1

claims against Portfolio and NCC for alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("the RFDCPA" or "Rosenthal Act"), and a claim against Portfolio for breach of the settlement agreement by Portfolio.  Dckt. Nos. 142, 140.  The court also gave plaintiffs leave to file a third amended complaint, if plaintiffs elected to amend their claim against defendants Portfolio, NCC, and/or OSI Collection Services, Inc. ("OSI") for unfair business practices in violation of California Business and Professions Code section 17200 "(Section 17200").  *Id.*

On October 18, 2012, plaintiffs filed a third amended complaint.  Dckt. No. 144.  The third amended complaint restates plaintiffs' FDCPA and Rosenthal Act claims, their claim against Portfolio for breach of the settlement agreement, and their Section 17200 claim against Portfolio and NCC.[1]  Third Am. Compl. ("TAC"), Dckt. No. 144.

NCC and Portfolio now seek dismissal of plaintiffs' Section 17200 claim.[2]  Dckt. Nos. 148, 149.  Plaintiffs oppose both motions.  Dckt. Nos. 159, 160.

II.    RULE 12(b)(6) MOTIONS TO DISMISS

A.  Standard of Review

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

---

[1] Plaintiffs did not elect to amend their Section 17200 claim against OSI.

[2] Once again, defendants do not seek dismissal of plaintiffs' FDCPA and Rosenthal Act claims or plaintiffs' claim remaining against Portfolio for breach of the settlement agreement.

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

3

1   public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South*

2   *Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  A pro se litigant is entitled to notice of

3   the deficiencies in the complaint and an opportunity to amend, unless the complaint's

4   deficiencies could not be cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

5   Cir. 1987).

6        B.  <u>Analysis</u>

7        The only claim in the third amended complaint addressed by NCC and Portfolio's motion

8   to dismiss is plaintiffs' claim for unfair business practices under Section 17200.  Dckt. Nos. 148,

9   149.  That claim asserts, among other things, that Portfolio's and NCC's alleged violations of the

10  FDCPA and the Rosenthal Act, as well as Portfolio's breach of the settlement agreement, also

11  amounted to unfair business practices under Section 17200.  TAC ¶¶ 61, 62, 65.  The complaint

12  further specifically alleges that as a direct and proximate cause of that conduct, plaintiffs have

13  suffered money damages exceeding $288,775.00.  *Id.* ¶ 71.

14       Portfolio and NCC argue that this Section 17200 claim must be dismissed because

15  plaintiffs have not adequately alleged "injury in fact and loss of money or property," and that

16  plaintiffs' allegation that they suffered $288,775.00 is conclusory and speculative and is not

17  connected causally to defendants' conduct.  Dckt. No. 148-1 at 4-5; Dckt. No. 149-1 at 4-5.

18  Plaintiffs disagree, arguing that their allegations regarding money damages are sufficient to

19  withstand a motion to dismiss.  Dckt. No. 159 at 5; Dckt. No. 160 at 5.

20       California's Unfair Competition Law, section 17200, prohibits any "unlawful, unfair or

21  fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Section 17200

22  incorporates other laws and treats violations of those laws as unlawful business practices

23  independently actionable under state law.  *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d

24  1042, 1048 (9th Cir.2000).  Violation of almost any federal, state or local law may serve as the

25  basis for a Section 17200 claim.  *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994).

26  In addition, a business practice may be "unfair or fraudulent in violation of [Section 17200] even

4

if the practice does not violate any law." *Olszewski v. Scripps Health*, 30 Cal.4th 798, 827 (2003).  To state a claim for unfair business practices, a plaintiff must plead that "(1) the consumer injury is substantial, (2) the injury is not outweighed by any countervailing benefits to consumers or competition, and (3) the injury is one that consumers themselves could not reasonably have avoided."  *Morgan v. AT & T Wireless Svcs., Inc*., 177 Cal. App.4th 1235, 1254-55 (2009).

California Business and Professions Code section 17204 limits standing to bring a Section 17200 claim to specified public officials and a private person "who has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  "This provision requires [a plaintiff] to show that she has lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution, *see Birdsong v. Apple, Inc*., 590 F.3d 955, 959-60 (9th Cir. 2009), and also requires a 'causal connection' between [defendant's] alleged [Section 17200] violation and her injury in fact, *Hall v. Time Inc*., 158 Cal. App. 4th 847, 70 Cal. Rptr. 3d 466, 471-72 (2008)."  *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204-5 (9th Cir. 2010).  An absence of facts describing the money or property allegedly lost is fatal to a plaintiff's Section 17200 claim.  *Saldate v. Wilshire Credit Corp*., 711 F. Supp. 2d 1126, 1137 (E.D. Cal. 2010); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2011) ("Proposition 64 requires that a plaintiff have 'lost money or property' to have standing to sue.  The plain import of this is that a plaintiff now must demonstrate some form of economic injury.").

Here, plaintiffs allege that Portfolio and NCC violated Section 17200 when they engaged in conduct that violated the FDCPA and the Rosenthal Act.  Neither Portfolio nor NCC moves to dismiss either the FDCPA or the Rosenthal Act claim.  Therefore, plaintiffs have adequately alleged that Portfolio and NCC's conduct was unlawful in violation of Section 17200.  *See, e.g., Vogan v. Wells Fargo Bank, N.A.*, 2011 WL 5826016, at *6-7 (upholding § 17200 claim because court had also upheld claim under Truth in Lending Act, 15 U.S.C. § 1641(g)).  Also, unlike

1    plaintiffs' second amended complaint, which alleged only that plaintiffs were injured by the

2    conduct, plaintiffs' third amended complaint specifically alleges that as a direct and proximate

3    cause of Portfolio and NCC's conduct, plaintiffs have suffered *money* damages *exceeding*

4    *$288,775.00.*  TAC ¶ 71 (emphasis added).  Although defendants contend that those allegations

5    are too conclusory and speculative under *Twombly* and *Iqbal*, plaintiffs do specifically allege

6    money damages, the amount of those damages, and that the damages resulted from NCC and

7    Portfolio's violations of Section 17200 as well as the predicate violations of the underlying

8    statutes.  Accordingly, defendants' motions to dismiss plaintiff's Section 17200 claim must be

9    denied.

10   III.     <u>CONCLUSION</u>

11       Accordingly, IT IS HEREBY ORDERED that:

12       1.  Portfolio's motion to dismiss, Dckt. No. 148, is denied; and

13       2.  NCC's motion to dismiss, Dckt. No. 149, is denied.

14   DATED:  January 22, 2013.

15

16                 EDMUND F. BRENNAN

                     UNITED STATES MAGISTRATE JUDGE