IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

        Plaintiffs,

    vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.,

        Defendants.
_____/

No. 2:10-cv-2781-KJM-EFB PS

ORDER

This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On February 20, 2013, plaintiffs filed motions to compel defendant NCC, a Division of Commonwealth Financial Systems, Inc. and defendant NCO Financial Systems, Inc., as successor in interest to Portfolio Acquisitions, LLC to respond to plaintiff's first sets of interrogatories, and noticed the motions for hearing on March 20, 2013.  Dckt. Nos. 170, 171.  Plaintiffs contend that defendants did not comply with plaintiff's instructions and did not fully answer plaintiff's interrogatories without objection.  Dckt. No. 170 at 29-44; Dckt. No. 171 at 29-46.  Therefore, plaintiffs seeks to compel defendants to fully respond pursuant to Federal Rule of Civil Procedure 37(a).  *Id*.  Plaintiffs acknowledge their duty under the Federal Rules of Civil Procedure to meet and confer prior to

filing a motion to compel, but argue "that any meet and confer . . . is unlikely to be fruitful." Dckt. No. 170 at 44; Dckt. No. 161 at 45. Plaintiffs add that defendants "have used the meet and confer process to continue a series of abusive behaviors towards plaintiffs, who are acting pro per" and that "[t]he most recent meet and confer resulted in [plaintiffs] being severely prejudiced . . . ."[1] *Id.* Plaintiffs contend that "[s]hould the Court order [plaintiffs] to meet and confer, [plaintiffs] will comply. However in [plaintiffs'] view any such meet and confer will be futile in resolving this impasse without judicial intervention, and only further prejudice [plaintiffs]." *Id.*

On March 11, 2013, plaintiffs then filed a statement regarding the discovery disagreements, as required under Local Rule 251©.[2] Dckt. No. 177. In the statement, plaintiffs contend that on March 8, 2013, they received a letter in the mail from defense counsel regarding the discovery disputes and on March 9, 2013, plaintiffs mailed defense counsel a response. *Id.* at 1-2. According to plaintiffs, this letter exchange is sufficient to satisfy the meet and confer process required by the Local Rules and Federal Rules of Civil Procedure since (1) defense counsel's letter "is devoid of any offer of compromise," even though plaintiffs' discovery concerns are simple; (2) plaintiffs' responsive letter gave defendants "one last opportunity to cure [the discovery] disagreement voluntarily without Court order"; (3) "there is nothing further that [plaintiffs] can say to defendants that would resolve this dispute"; and (4) plaintiffs were

---

[1] Plaintiffs cite to an opposition plaintiffs previously filed in response to a motion filed by defendants seeking to modify the scheduling order, in which plaintiffs complained about defense counsel improperly attempting to contact plaintiffs via email and phone after plaintiffs denied defense counsel's requests for plaintiffs to provide an email address and/or phone number at which to contact plaintiffs. Dckt. No. 156 at 14. Plaintiffs also cite to the exhibit they attached to that opposition, Dckt. No. 157, which contains recordings of two conversations between Robert Causey and defense counsel during which Mr. Causey refused to provide that information (and during which the parties discussed a variety of other matters), and also cite to the appeal they filed challenging the court order granting the motion to modify the scheduling order. Dckt. No. 161. The appeal was dismissed for lack of jurisdiction. Dckt. No. 172.

[2] Plaintiffs also filed a request for plaintiff Jeanine Causey to appear telephonically at the March 20, 2013 hearing. Dckt. No. 178. However, because plaintiffs' motions to compel will be denied without prejudice and the hearings thereon will be vacated, the motion to appear telephonically at those hearings is denied as moot.

"extremely prejudic[ed]" by this court's previous order requiring the parties to meet and confer in connection with motions to compel filed by defendants, since plaintiffs participated in good faith yet "defendants' actions were downright malicious and [arguably] criminal" and "resulted in [plaintiffs] sustaining damages in excess of $6,830.91, [plaintiffs being] put in the untenable position of having to commit a material breach of a multi-million dollar contract, [and plaintiffs being] put in peril of imminent employment loss . . . ."[3] *Id.* at 2-3.  Plaintiffs once again reiterate, however, that if the court decides that plaintiffs were "not prejudiced enough by the court's last order to confer telephonically, and orders [plaintiffs] to confer telephonically again with defendants, [plaintiffs] will comply."[4]  *Id.* at 4.

      Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." *Id.* Additionally, Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

---

[3] Plaintiffs again complain about the court allegedly not reviewing the "evidence of defendants' abusive conduct," referencing the exhibit plaintiffs filed in opposition to defendants' motion to modify the scheduling order. Dckt. No. 177 at 3. However, the court *has* listened to the recordings plaintiffs submitted and does not agree that defense counsel engaged in any abusive conduct at all during the two recorded conversations. To the contrary, defense counsel's conduct throughout the recorded conversations was imminently reasonable.

[4] On March 13, 2013, defendants also filed statements regarding the discovery disagreements, as required under Local Rule 251(c). Dckt. Nos. 179, 180. Defendants contend that the motions to compel should be denied due to plaintiffs' complete failure to meet and confer regarding the discovery disputes. *Id.*

Upon review of plaintiffs' statement regarding the discovery disagreements and the "meet and confer" letters attached thereto, it is apparent to the court that the meet and confer requirements of Local Rule 251(b) and Federal Rule of Civil Procedure 37(a)(1) have not been met here. The letter from defense counsel in response to the motions to compel merely reminds plaintiffs of their obligation to meet and confer regarding the discovery disputes and requests that plaintiffs contact defense counsel in order to address plaintiffs' concerns. Dckt. No. 177 at 6. The responsive letter from plaintiffs does not respond to that request, nor does it attempt to resolve or narrow the parties' differences. *Id.* at 8-9. Instead, the letter tells defendants that "there is nothing to be gained by further discussion" since plaintiffs "believe[] that their discovery requests were proper [and] self explanatory, and [plaintiffs] articulated the justification for their requests in [their] motions to compel." *Id.* at 8. Plaintiffs then make an "offer" to defendants that if they fully comply with plaintiffs' discovery requests without objection and deliver the responses to plaintiffs so that they "physically have them in hand" no later than March 15, 2013, plaintiffs would review the responses and, if satisfied, would withdraw the motions to compel. *Id.*

Plaintiffs' letter to defendants does not amount to a good faith effort to resolve the differences that are the subject of plaintiffs' motions to compel. Nor have plaintiffs provided any justification for their failure to meet and confer in good faith. Although plaintiffs repeatedly argue that they were "extremely prejudic[ed]" by this court's previous order requiring them to meet and confer in connection with defendants' earlier motion to compel, and contend that they lost income as a result of that requirement, they have not shown why they should not be held to the same standards and requirements as any other litigant or attorney who files a motion to compel in this court. Although meeting and conferring may take time, it is a part of litigation.

////
////
////

4

Moreover, although plaintiffs repeatedly contend that defense counsel has engaged in abusive conduct, plaintiffs have not provided any evidence of such conduct, nor have they demonstrated that defense counsel has failed to communicate with plaintiffs in anything other than a professional and courteous manner.

Therefore, just as the court ordered in connection with defendants' earlier motion to compel, *see* Dckt. No. 147, plaintiffs' motions to compel are denied without prejudice and the March 20, 2013 hearings thereon are vacated. *See* E.D. Cal. L.R. 251(b). The parties are directed to meet and confer either telephonically or in person in an effort to resolve the disputes *in good faith* without court intervention. In light of plaintiffs' continued refusal to provide defense counsel with an email address or telephone number at which to contact them, if plaintiffs desire to pursue their motions to compel, within fourteen days of the date of this order, plaintiffs shall either (1) telephone defense counsel in order to conduct the meet and confer process or to arrange a time to do so, or (2) contact defense counsel via email or U.S. mail to either provide a working telephone number at which plaintiffs can be contacted or to set up a time at which plaintiffs are available to meet and confer with defense counsel in person. If the parties' meet and confer efforts do not resolve the discovery disputes, plaintiffs may re-notice the motions to compel for hearing.

SO ORDERED.

Dated: March 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5