IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

        No. 2:10-cv-2781-KJM-EFB PS

        Plaintiffs,

    vs.

PORTFOLIO ACQUISITIONS, LLC;      ORDER
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.,

        Defendants.

_____/

This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to

Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On February 20,

2013, plaintiffs filed motions to compel defendant NCC, a Division of Commonwealth Financial

Systems, Inc. and defendant NCO Financial Systems, Inc., as successor in interest to Portfolio

Acquisitions, LLC to respond to plaintiff's first sets of interrogatories, and noticed the motions

for hearing on March 20, 2013.  Dckt. Nos. 170, 171.  Plaintiffs contend that defendants did not

comply with plaintiff's instructions and did not fully answer plaintiff's interrogatories without

objection.  Dckt. No. 170 at 29-44; Dckt. No. 171 at 29-46.  Therefore, plaintiffs seeks to compel

defendants to fully respond pursuant to Federal Rule of Civil Procedure 37(a).  *Id*.  Plaintiffs

acknowledge their duty under the Federal Rules of Civil Procedure to meet and confer prior to

1  filing a motion to compel, but argue "that any meet and confer . . . is unlikely to be fruitful."

2  Dckt. No. 170 at 44; Dckt. No. 161 at 45.  Plaintiffs add that defendants "have used the meet and

3  confer process to continue a series of abusive behaviors towards plaintiffs, who are acting pro

4  per" and that "[t]he most recent meet and confer resulted in [plaintiffs] being severely prejudiced

5  . . . ."[1]  *Id.*  Plaintiffs contend that "[s]hould the Court order [plaintiffs] to meet and confer,

6  [plaintiffs] will comply.  However in [plaintiffs'] view any such meet and confer will be futile in

7  resolving this impasse without judicial intervention, and only further prejudice [plaintiffs]."  *Id.*

8     On March 11, 2013, plaintiffs then filed a statement regarding the discovery

9  disagreements, as required under Local Rule 251©.[2]  Dckt. No. 177.  In the statement, plaintiffs

10  contend that on March 8, 2013, they received a letter in the mail from defense counsel regarding

11  the discovery disputes and on March 9, 2013, plaintiffs mailed defense counsel a response.  *Id.*

12  at 1-2.  According to plaintiffs, this letter exchange is sufficient to satisfy the meet and confer

13  process required by the Local Rules and Federal Rules of Civil Procedure since (1) defense

14  counsel's letter "is devoid of any offer of compromise," even though plaintiffs' discovery

15  concerns are simple; (2) plaintiffs' responsive letter gave defendants "one last opportunity to

16  cure [the discovery] disagreement voluntarily without Court order"; (3) "there is nothing further

17  that [plaintiffs] can say to defendants that would resolve this dispute"; and (4) plaintiffs were

18

19  [1] Plaintiffs cite to an opposition plaintiffs previously filed in response to a motion filed by
20  defendants seeking to modify the scheduling order, in which plaintiffs complained about defense
   counsel improperly attempting to contact plaintiffs via email and phone after plaintiffs denied
   defense counsel's requests for plaintiffs to provide an email address and/or phone number at which
21  to contact plaintiffs.  Dckt. No. 156 at 14.  Plaintiffs also cite to the exhibit they attached to that
   opposition, Dckt. No. 157, which contains recordings of two conversations between Robert Causey
22  and defense counsel during which Mr. Causey refused to provide that information (and during which
   the parties discussed a variety of other matters), and also cite to the appeal they filed challenging
23  the court order granting the motion to modify the scheduling order.  Dckt. No. 161.  The appeal was
   dismissed for lack of jurisdiction.  Dckt. No. 172.
24

25  [2] Plaintiffs also filed a request for plaintiff Jeanine Causey to appear telephonically at the
   March 20, 2013 hearing.  Dckt. No. 178.  However, because plaintiffs' motions to compel will be
   denied without prejudice and the hearings thereon will be vacated, the motion to appear
26  telephonically at those hearings is denied as moot.

2

1  "extremely prejudic[ed]" by this court's previous order requiring the parties to meet and confer

2  in connection with motions to compel filed by defendants, since plaintiffs participated in good

3  faith yet "defendants' actions were downright malicious and [arguably] criminal" and "resulted

4  in [plaintiffs] sustaining damages in excess of $6,830.91, [plaintiffs being] put in the untenable

5  position of having to commit a material breach of a multi-million dollar contract, [and plaintiffs

6  being] put in peril of imminent employment loss . . . ."[3]  *Id.* at 2-3.  Plaintiffs once again

7  reiterate, however, that if the court decides that plaintiffs were "not prejudiced enough by the

8  court's last order to confer telephonically, and orders [plaintiffs] to confer telephonically again

9  with defendants, [plaintiffs] will comply."[4]  *Id.* at 4.

10        Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties

11  have conferred and attempted to resolve their differences."  E.D. Cal. L.R. 251(b).  The Rule

12  further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of

13  the motion or in advance of the hearing of the motion in a good faith effort to resolve the

14  differences that are the subject of the motion.  Counsel for the moving party or prospective

15  moving party shall be responsible for arranging the conference, which shall be held at a time and

16  place and in a manner mutually convenient to counsel."  *Id.*  Additionally, Federal Rule of Civil

17  Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that

18  the movant has in good faith conferred or attempted to confer with the person or party failing to

19  make disclosure or discovery in an effort to obtain it without court action."

20

21      [3] Plaintiffs again complain about the court allegedly not reviewing the "evidence of
22  defendants' abusive conduct," referencing the exhibit plaintiffs filed in opposition to defendants'
    motion to modify the scheduling order.  Dckt. No. 177 at 3.  However, the court *has* listened to the
23  recordings plaintiffs submitted and does not agree that defense counsel engaged in any abusive
    conduct at all during the two recorded conversations.  To the contrary, defense counsel's conduct
24  throughout the recorded conversations was imminently reasonable.

25      [4] On March 13, 2013, defendants also filed statements regarding the discovery
    disagreements, as required under Local Rule 251(c).  Dckt. Nos. 179, 180.  Defendants contend that
26  the motions to compel should be denied due to plaintiffs' complete failure to meet and confer
    regarding the discovery disputes.  *Id.*

1    Upon review of plaintiffs' statement regarding the discovery disagreements and the

2  "meet and confer" letters attached thereto, it is apparent to the court that the meet and confer

3  requirements of Local Rule 251(b) and Federal Rule of Civil Procedure 37(a)(1) have not been

4  met here.  The letter from defense counsel in response to the motions to compel merely reminds

5  plaintiffs of their obligation to meet and confer regarding the discovery disputes and requests

6  that plaintiffs contact defense counsel in order to address plaintiffs' concerns.  Dckt. No. 177 at

7  6.  The responsive letter from plaintiffs does not respond to that request, nor does it attempt to

8  resolve or narrow the parties' differences.  *Id.* at 8-9.  Instead, the letter tells defendants that

9  "there is nothing to be gained by further discussion" since plaintiffs "believe[] that their

10  discovery requests were proper [and] self explanatory, and [plaintiffs] articulated the justification

11  for their requests in [their] motions to compel."  *Id.* at 8.  Plaintiffs then make an "offer" to

12  defendants that if they fully comply with plaintiffs' discovery requests without objection and

13  deliver the responses to plaintiffs so that they "physically have them in hand" no later than

14  March 15, 2013, plaintiffs would review the responses and, if satisfied, would withdraw the

15  motions to compel.  *Id.*

16    Plaintiffs' letter to defendants does not amount to a good faith effort to resolve the

17  differences that are the subject of plaintiffs' motions to compel.  Nor have plaintiffs provided

18  any justification for their failure to meet and confer in good faith.  Although plaintiffs repeatedly

19  argue that they were "extremely prejudic[ed]" by this court's previous order requiring them to

20  meet and confer in connection with defendants' earlier motion to compel, and contend that they

21  lost income as a result of that requirement, they have not shown why they should not be held to

22  the same standards and requirements as any other litigant or attorney who files a motion to

23  compel in this court.  Although meeting and conferring may take time, it is a part of litigation.

24  ////

25  ////

26  ////

4

1  Moreover, although plaintiffs repeatedly contend that defense counsel has engaged in abusive

2  conduct, plaintiffs have not provided any evidence of such conduct, nor have they demonstrated

3  that defense counsel has failed to communicate with plaintiffs in anything other than a

4  professional and courteous manner.

5         Therefore, just as the court ordered in connection with defendants' earlier motion to

6  compel, *see* Dckt. No. 147, plaintiffs' motions to compel are denied without prejudice and the

7  March 20, 2013 hearings thereon are vacated.  *See* E.D. Cal. L.R. 251(b).  The parties are

8  directed to meet and confer either telephonically or in person in an effort to resolve the disputes

9  *in good faith* without court intervention.  In light of plaintiffs' continued refusal to provide

10  defense counsel with an email address or telephone number at which to contact them, if plaintiffs

11  desire to pursue their motions to compel, within fourteen days of the date of this order, plaintiffs

12  shall either (1) telephone defense counsel in order to conduct the meet and confer process or to

13  arrange a time to do so, or (2) contact defense counsel via email or U.S. mail to either provide a

14  working telephone number at which plaintiffs can be contacted or to set up a time at which

15  plaintiffs are available to meet and confer with defense counsel in person.  If the parties' meet

16  and confer efforts do not resolve the discovery disputes, plaintiffs may re-notice the motions to

17  compel for hearing.

18         SO ORDERED.

19  Dated: March 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26