IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

Plaintiffs, No. 2:10-cv-2781-KJM-EFB PS

vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.,

ORDER

Defendants.
_________________________________/

This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On February 20, 2013, plaintiffs filed motions to compel defendant NCC, a Division of Commonwealth Financial Systems, Inc. and defendant NCO Financial Systems, Inc., as successor in interest to Portfolio Acquisitions, LLC to respond to plaintiff's first sets of interrogatories, and noticed the motions for hearing on March 20, 2013. Dckt. Nos. 170, 171. Plaintiffs argued that defendants did not comply with plaintiff's instructions and did not fully answer plaintiff's interrogatories without objection. Dckt. No. 170 at 29-44; Dckt. No. 171 at 29-46. Therefore, plaintiffs sought to compel defendants to fully respond pursuant to Federal Rule of Civil Procedure 37(a). *Id.*

////

However, the parties had not met and conferred regarding the dispute as required by Local Rule 251. Accordingly, on March 15, 2013, the court denied plaintiffs' motions to compel without prejudice and directed the parties to meet and confer in good faith regarding the disputes. Dckt. No. 181.

On March 25, 2013, plaintiffs re-noticed the motions to compel for hearing on April 17, 2013. Dckt. No. 183. Plaintiffs also filed a statement regarding the discovery disagreements, as required under Local Rule 251(c).[1] Dckt. No. 183-1. Plaintiffs contend that they attempted to meet and confer with defendants in good faith but defense counsel "refused to cooperate." *Id.* at 5. According to plaintiffs, the parties did meet and confer on March 22, 2013 for approximately one and a half hours, but the parties were unable to resolve the disputes. *Id.* at 4-5. According to plaintiffs, although defense counsel "was willing to supplement parts of their response[s]," they "refused to identify what if anything they were willing to supplement." *Id.* at 3.

On April 10, 2013, defendants also filed statements regarding the discovery disagreements. Dckt. Nos. 184, 185. Defendants contend that the motions to compel are premature. Defendants state that they agreed to supplement their discovery responses and those supplemental responses are not due until April 12, 2013. *Id.* at 3. According to defendants, plaintiff Robert Causey agreed to that date. *Id.*

////

////

////

[1] Plaintiffs did not file a *joint* statement, as required by Local Rule 251(c). Each side blames the other for this failure and the parties tell different stories regarding the reasons for the failure. *See* Dckt. No. 183-1 at 4; Dckt. No. 184 at 2-3; Dckt. No. 185 at 2-3; *see also* E.D. Cal. L.R. 251(d). Defendants contend that the motions should be denied due to the failure. However, because the motions to compel will be denied without prejudice for failure to adequately meet and confer, the court need not determine who is at fault for the failure to prepare a joint statement. The issues are related, however. The basis for the joint statement requirement is for the parties to "set forth their differences and the bases therefore." Here, had the parties prepared a joint statement, they may have been able to complete the required meet and confer process.

Defendants also address each of the discovery requests at issue and note that as to many of them, not only did the parties did *not* meet and confer, but defendants specifically intend to provide supplemental discovery responses, which may moot many of the parties' disputes.[2] Dckt. No. 184 at 4-15; Dckt. No. 185 at 4-17.

Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). The Rule further provides that "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." *Id.* Additionally, Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

---

[2] Defendants point out in their statement regarding the discovery disputes that depositions of both plaintiffs will be taken on April 26, 2013. Defendants note that Mr. Causey has stated his intent to serve as his wife's attorney during her deposition. Defendants request that "Mr. Causey be reminded of his obligations under Local Rules 183 (Persons Appearing In Propria Persona) and 180(d) and (e) (Penalties for Unauthorized Practice (180(d)) and Standards of Professional Conduct (180(e))." Dckt. No. 184 at 4; Dckt. No. 185 at 4.

A motion is not yet before the court for formal review. However, the court has previously reviewed (listened to) the recordings plaintiffs attached as an exhibit to an earlier filing in this action, Dckt. No. 157. That exhibit consisted of the recorded conversations between Mr. Causey and defense counsel during which Mr. Causey stated his intent to make objections on behalf of his wife at any deposition of her. Mr. Causey is reminded that, as a pro se non-attorney litigant, he "has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *see also* E.D. Cal. L.R. 183(a) ("Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney."). Therefore, Mr. Causey is admonished that he may not make any objections on behalf of his wife during her deposition. Moreover, both plaintiffs are reminded that although they may each object to the questions asked of them, they may not refuse to answer defense counsel's questions unless doing so would be "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). And, if an objection is made, that "objection must be stated concisely in a nonargumentive and nonsuggestive manner." *Id.*

Upon review of all parties' statements regarding the discovery disagreements, it is apparent to the court that the meet and confer requirements of Local Rule 251(b) and Federal Rule of Civil Procedure 37(a)(1) *still* have not been met. Although the parties may have began the process, they clearly did *not* complete it. They did not seriously discuss many of the specific discovery requests at issue, nor did they prepare a joint statement that would have addressed the parties' contentions as to each of those requests. Nor have plaintiffs reviewed the supplemental discovery responses that defendants have agreed to provide (those responses are apparently not due until April 12); therefore, they cannot know whether the supplemental responses will resolve any of the disputes.

Accordingly, once again, plaintiffs' motions to compel are denied without prejudice and the April 17, 2013 hearings thereon are vacated. *See* E.D. Cal. L.R. 251(b). Plaintiffs shall review the supplemental discovery responses that defendants have agreed to produce on April 12, 2013. If those supplemental responses do not resolve all of the discovery disputes, the parties are directed to meet and confer either telephonically or in person in an effort to resolve any remaining disputes *in good faith* without court intervention. In light of plaintiffs' continued refusal to provide defense counsel with an email address or telephone number at which to contact them, if plaintiffs desire to pursue their motions to compel, within fourteen days after receiving defendants' supplemental responses, plaintiffs shall either (1) telephone defense counsel in order to conduct a further meet and confer process or to arrange a time to do so, or (2) contact defense counsel via email or U.S. mail to either provide a working telephone number at which plaintiffs can be contacted or to set up a time at which plaintiffs are available to meet and confer with defense counsel in person.

If the parties' meet and confer efforts do not resolve the discovery disputes, plaintiffs may once again re-notice the motions to compel for hearing. However, the parties are admonished that they must comply with Local Rule 251(c). Therefore, if the parties' meet and confer efforts do not resolve the discovery disputes, plaintiffs must draft a joint statement

regarding the discovery disagreement setting forth each of the matters identified in Local Rule 251(c). Plaintiffs shall then email that draft to defense counsel (in either Word or Word Perfect), and defendants shall input their positions regarding the matters identified in Local Rule 251(c) and email their version of the document back to plaintiffs.[3] The parties shall continue this email exchange until all parties have agreed to a draft and have indicated a willingness to sign that draft. Plaintiffs shall then file the joint statement at least seven days before any noticed hearing date, as set forth in Local Rule 251(a).

SO ORDERED.

DATED: April 12, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

[3] Although plaintiffs have indicated an unwillingness to provide defendants with their email address, it is unclear why they cannot create an email account solely for the purpose of this litigation and/or for the purpose of resolving these discovery disputes.