IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

        Plaintiffs,                              No. 2:10-cv-2781-KJM-EFB PS

    vs.

PORTFOLIO ACQUISITIONS, LLC;        <u>ORDER</u>
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.,

        Defendants.
                                /

        This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Currently noticed for hearing on May 29, 2013 are plaintiffs' motions to compel defendant NCC, a Division of Commonwealth Financial Systems, Inc., and defendant NCO Financial Systems, Inc., as successor in interest to Portfolio Acquisitions, LLC, to respond to plaintiffs' discovery requests.[1] Dckt. Nos. 170, 171, 190. On May 22, 2013, plaintiffs filed what they purported to be joint statements regarding each of the discovery disputes. Dckt. Nos. 192, 193. However, on

---

[1] Plaintiffs previously noticed the motions twice before, but each of those motions was denied for failure to adequately meet and confer, as required by the Federal Rules of Civil Procedure and this court's local rules. Dckt. Nos. 181, 186.

1

May 24, 2013, defendants filed statements indicating that the joint statements filed by plaintiffs were not signed or approved by defendants and are incomplete drafts, and requesting that those statements be stricken. Dckt. Nos. 194, 195. According to defendants, the joint statements submitted by plaintiffs are missing significant rebuttal arguments prepared by defense counsel, which were included in the draft joint statements defense counsel sent to plaintiffs on May 20, 2013 (and which plaintiffs received on May 21, 2013), but which were not included in the joint statements plaintiffs filed with the court on May 22, 2013.[2] Defendants did not include their drafts of the joint statements in defendants' May 24, 2013 filing with the court because plaintiffs had not commented on them or approved them; however, defendants said they would provide those drafts to the court upon request.

In light of defendants' representations that the joint statements filed by plaintiffs were incomplete and do not reflect defendants' complete positions regarding the discovery disputes at issue, the May 29, 2013 hearing will be continued and defendants will be given an opportunity to file their responses to the discovery statements filed by plaintiffs.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 29, 2013 hearing on plaintiffs' motions to compel, Dckt. Nos. 170, 171, and

---

[2] Much of this chaos appears to have been created by plaintiffs' continued refusal to provide defense counsel with a telephone number at which plaintiffs can be reached and their continued refusal to communicate with defense counsel via email. Plaintiffs persist in that refusal despite this court's April 12, 2013 order, which specifically admonished them that if they wanted to proceed with their motions to compel they must participate in and complete the required meet and confer process, making a good faith effort to resolve or narrow the parties' disputes. That order also instructed plaintiffs that they were to prepare a joint statement regarding the discovery disagreement setting forth each of the matters identified in Local Rule 251(c), and that they then were to "email that draft to defense counsel (in either Word or Word Perfect)," so that defendants could insert their positions regarding the matters identified in Local Rule 251(c) and email their version of the document back to plaintiffs. Dckt. No. 186 at 5. The parties were directed to "continue this email exchange until all parties have agreed to a draft and have indicated a willingness to sign that draft. Plaintiffs shall then file the joint statement at least seven days before any noticed hearing date, as set forth in Local Rule 251(a)." *Id.* The order specifically noted that it was unclear why plaintiffs could not create an email account solely for the purposes of this litigation and/or for the purpose of resolving these discovery disputes. *Id.* at 5, n.5.

190, is continued to June 5, 2013 at 10:00 a.m. in Courtroom No. 8.[3]

2. On or before May 29, 2013, defendants shall file with the court the draft joint statements that they previously sent to plaintiffs on May 20, 2013, as well as the red-lined versions defendants sent to plaintiffs, indicating the changes defense counsel made to the last draft sent to them.

3. Any response by plaintiffs to defendants' revised joint statements, which plaintiffs received on May 21, 2013, shall be filed on or before May 30, 2013.

SO ORDERED.

Dated: May 28, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Because of plaintiff's failure to provide the court with adequate contact information in combination with the court holiday on May 27, 2013, plaintiffs may not receive notice of this order until after the scheduled May 29, 2013 hearing. However, had plaintiffs complied with Local Rule 131(a), which requires parties who are appearing in propria persona to provide the court with a telephone number, they would have received notice on May 28, 2013 via telephone from the undersigned's courtroom deputy. *See also* E.D. Cal. L.R. 182(f) (providing that pro se parties are under a continuing duty to notify the Clerk and all other parties of any change of address *or telephone number*).

Plaintiffs are, again, admonished that they if they wish to pursue this litigation they must provide the court and opposing counsel adequate contact information and the failure to do so, or to comply with the procedural rules or orders of this court, may result in sanctions, either monetary or otherwise, including an order of dismissal of this action. Fed. R. Civ. P. 16(f); E.D. Cal. L.R. 110 and 182(f).