IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

      Plaintiffs,

vs.

PORTFOLIO ACQUISITIONS, LLC;
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.,

      Defendants.

No. 2:10-cv-2781-KJM-EFB PS

ORDER

On June 5, 2013, the court heard plaintiffs' motions to compel defendant NCC, a Division of Commonwealth Financial Systems, Inc. ("NCC"), and defendant NCO Financial Systems, Inc., as successor in interest to Portfolio Acquisitions, LLC ("NCOFS"), to respond to plaintiffs' discovery requests. Dckt. Nos. 170, 171. Plaintiffs Robert Causey and Jeanine Causey appeared pro se; attorney Albert Limberg appeared on behalf of defendants.

As stated on the record, and for the reasons stated on the record, plaintiffs' motions were granted in part, denied in part, and submitted as follows:[1]

////

---

[1] Additionally, plaintiffs' motion for the undersigned to recuse was denied because plaintiffs failed to demonstrate that recusal is proper under 28 U.S.C. § 455.

1

I.  Plaintiffs' Motion to Compel NCC to Respond to Discovery

   A.  Interrogatory Number 1

Interrogatory 1 requests NCC to "IDENTIFY all current and previous PERSONS that are/were DIRECTORS and/or OFFICERS of NCC since 2003." At the hearing, and for the reasons stated on the record at the hearing, the court granted plaintiffs' motion to compel NCC to respond to this discovery with the temporal limitation agreed to by plaintiffs during the meet and confer process (2010 to present). NCC shall provide that response to plaintiffs within fourteen days.

   B.  Interrogatory Number 3

Interrogatory 3 requests NCC to "IDENTIFY all current and previous PERSONS that are/were MAJOR STOCKHOLDERS of NCC since 2003. For each PERSON, additionally provide the number of shares owned of NCC, type of stock owned (i.e. common, preferred, voting, non-voting, etc.) and dates they owned said stock." After discussions with the parties regarding this interrogatory at the hearing, the court took the matter under submission.

Plaintiffs have not shown that NCC shareholder information is relevant to any party's claim or defense, nor that it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). Therefore, plaintiffs' motion to compel NCC to respond to this interrogatory is denied.

   C.  Interrogatory Number 9

Interrogatory 9 requests that for each "ACCOUNT" identified in Interrogatory 8, NCC "IDENTIFY ALL DOCUMENTS and other tangible things." At the hearing, defense counsel stated that NCC has fully responded to this interrogatory. The court ordered NCC to certify that a reasonable search was conducted in good faith, and that the interrogatory has been responded to fully and/or that all of the responsive documents have been produced. *See* Fed. R. Civ. P. 33(b)(3) (providing that "Each interrogatory must, to the extent it is not objected to, be answered separately *and fully* in writing *under oath*") (emphasis added); Fed. R. Civ. P. 33(b)(5) (requiring

2

that the person who makes the answers actually sign those answers); Fed. R. Civ. P. 33(d) (permitting a party to produce business records in response to an interrogatory).  NCC shall do so within fourteen days of the date of this order.[2]

D.  Interrogatory Number 13

Interrogatory 13 requests that NCC "IDENTIFY ALL ORAL COMMUNICATIONS OR CONVERSATIONS between NCC and PLAINTIFFS since 2003."  At the hearing, defense counsel agreed, and the court therefore ordered, that NCC would conduct a further search in an attempt to identify the persons referenced in the account notes for account number 24410885-1 and within fourteen days[3] would either (1) supplement its response to Interrogatory 13 accordingly, or (2) certify that a reasonable search was conducted in good faith, and that the interrogatory has been responded to fully (as limited in time frame by plaintiffs, from 2010 to present).

E.  Request for Production of Documents Number 2

Request for Production of Documents ("RPD") Number 2 requests that NCC "Produce all NCC Annual Reports since 2003."  After discussions with the parties regarding this request at the hearing, the court took the matter under submission.

Plaintiffs have agreed to limit the timeframe of this request from 2010 to the present. Although the court does not address whether plaintiffs may or may not be entitled to punitive damages against NCC, because the court finds that discovery of NCC's annual reports from 2010 to the present may to lead to the discovery of admissible evidence regarding the various changes in corporate structure, ownership, and management of NCC since 2010, which may have a bearing on liability or defenses in this case and/or may lead to the identification of additional witnesses in this case, and defendants have not shown that productive of such reports would be

---

[2] In order to promote consistency, the ten day deadline discussed at the hearing is now a fourteen day deadline.

[3] The ten day deadline discussed at the hearing is now a fourteen day deadline.

unduly burdensome or that the reports are covered by any privilege, plaintiffs' motion to compel NCC to respond to RPD 2 is granted. NCC shall produce those documents within fourteen days.

II.    Plaintiffs' Motion to Compel NCOFS (formerly Portfolio) to Respond to Discovery

    A.    Interrogatory Number 1

Interrogatory 1 requests NCOFS to "IDENTIFY all current and previous PERSONS that are/were DIRECTORS and/or OFFICERS of Portfolio since 2003." At the hearing, and for the reasons stated at the record at the hearing, the court granted plaintiffs' motion to compel NCOFS to respond to this discovery with the temporal limitation agreed to by plaintiffs at the hearing (January 2005 to present). NCOFS shall provide that response to plaintiffs within fourteen days.

    B.    Interrogatory Number 8

Interrogatory 8 requests NCOFS to "Identify all PORTFOLIO ACCOUNTS since 2003 in which PLAINTIFFS, individually or jointly, appear."

Defense counsel stated at the hearing that NCOFS has fully responded to this interrogatory with regard to account number XHU060. However, the court also discussed with the parties account numbers ASG117 and IN3910, which were referenced by NCOFS's counsel, Michelle Lyon, in a September 28, 2010 letter to plaintiff Robert Causey. Ex. 7 to Pls.' Jt. Stmt., Dckt. No. 193 at 65 (the "Lyon Letter"). The court construed plaintiffs' arguments regarding account numbers ASG117 and IN3910 as a request to amend this interrogatory to seek identification of all "PORTFOLIO ACCOUNTS *or accounts owned by its successor in interest, NCOFS* since 2003 in which PLAINTIFFS, individually or jointly, appear." That request to modify Interrogatory 8 was granted. The court then received two documents from defense counsel to be reviewed in camera regarding the relevance of account numbers ASG117 and IN3910 (Fact Sheets regarding "CRS# ASG117" and regarding "CRS# IN3910"), and took the matter under submission.

////

////

The court has reviewed the in camera documents submitted by NCOFS and finds that given the reference by NCOFS's counsel in the Lyon Letter, NCOFS shall respond to plaintiff's amended Interrogatory 8 within fourteen days.

C. <u>Interrogatory Number 9</u>

Interrogatory 9 requests that for each account identified in Interrogatory 8, NCOFS "IDENTIFY ALL DOCUMENTS and other tangible things."

NCOFS stated in its version of the joint statement, Dckt. No. 198-2 at 17-18, that it has fully responded to this interrogatory with regard to account number XHU060. NCOFS also stated, however, that because plaintiffs believe certain documents from the collection action (MC-33539) were missing from NCOFS's document production, NCOFS would follow up with the attorney who handled the collection matter, and would supplement its response if necessary and in accordance with the Federal Rules of Civil Procedure. NCOFS is ordered to do so within fourteen days.

With regard to account numbers ASG117 and IN3910, the court again took the matter under submission. After reviewing in camera the two documents NCOFS's counsel submitted to the court (which NCOFS will be ordered to provide to plaintiffs – *see* Request for Production of Documents 5 below), despite the reference to those accounts in the Lyon Letter, it does not appear that either of those accounts are relevant to this action or that discovery regarding those accounts is reasonably calculated to lead to the discovery of admissible evidence. Therefore, plaintiffs' motion to compel NCOFS to respond to Interrogatory 9 with regard to account numbers ASG117 and IN3910 is denied.

D. <u>Interrogatory Number 10</u>

Interrogatory 10 requests that for each account identified in Interrogatory 8, NCOFS "IDENTIFY ALL DOCUMENTS related to the SECURITIZATION of said ACCOUNT since 2003."

////

With regard to account number XHU060, NCOFS has stated that it is willing to supplement its response to indicate: (1) it has not sold account XHU060; and (2) it has not bundled the account with others for sale. Dckt. No. 198-2 at 20-21. If NCOFS has not already done so, it shall do so within fourteen days.

With regard to account numbers ASG117 and IN3910, as discussed above regarding Interrogatory 9, it does not appear that either of those accounts are relevant to this action or that discovery regarding those accounts is reasonably calculated to lead to the discovery of admissible evidence. Therefore, plaintiffs' motion to compel NCOFS to respond to Interrogatory 10 with regard to account numbers ASG117 and IN3910 is denied.

E. <u>Interrogatory Number 11</u>

Interrogatory 11 requests that for each account identified in Interrogatory 8, NCOFS "IDENTIFY ALL PERSONS that are the legal owner of said ACCOUNT since 2003."

With regard to account number XHU060, it appears NCOFS has already stated that it is the owner of that account. With regard to account numbers ASG117 and IN3910, as discussed above regarding Interrogatories 9 and 10, it does not appear that either of those accounts are relevant to this action or that discovery regarding those accounts is reasonably calculated to lead to the discovery of admissible evidence. Therefore, plaintiffs' motion to compel NCOFS to respond to Interrogatory 11 with regard to account numbers ASG117 and IN3910 is denied.

F. <u>Interrogatory Number 12</u>

Interrogatory 12 requests that for each account identified in Interrogatory 8, NCOFS "IDENTIFY ALL DOCUMENTS, including but not limited to, contracts and supplemental DOCUMENTS upon which PORTFOLIO bases its response."

With regard to account number XHU060, as discussed at the hearing, NCOFS has stated that it is the owner of that account and that once a protective order is in place, it will produce "[t]he 2005 purchase agreement through which OSI Portfolio Services, Inc. acquired the account." Dckt. No. 198-2 at 25, 28. As discussed at the hearing and in Section III below, the

court ordered the parties to meet and confer further regarding a stipulated protective order. NCOFS is ordered to produce the 2005 purchase agreement within seven days after entry of any such order.

With regard to account numbers ASG117 and IN3910, as discussed above regarding Interrogatories 9 through 11, it does not appear that either of those accounts are relevant to this action or that discovery regarding those accounts is reasonably calculated to lead to the discovery of admissible evidence. Therefore, plaintiffs' motion to compel NCOFS to respond to Interrogatory 12 with regard to account numbers ASG117 and IN3910 is denied.

G.  Request for Production of Documents Number 2

RPD 2 requests that NCOFS "Produce all PORTFOLIO Annual Reports since 2003." As discussed above with regard to RPD 2 to defendant NCC, although the court does not address whether plaintiffs may or may not be entitled to punitive damages, because the court finds that discovery of Portfolio's annual reports from 2005 (the year the account at issue was acquired by Portfolio) to 2010 (the year it ceased existence) may to lead to the discovery of admissible evidence regarding the various changes in corporate structure, ownership, and management of Portfolio between 2005 and 2010, which may have a bearing on liability or defenses in this case and/or may lead to the identification of additional witnesses in this case, and defendants have not shown that production of such reports would be unduly burdensome or that the reports are covered by any privilege, plaintiffs' motion to compel NCOFS to respond to RPD 2 is granted in part. NCOFS shall produce all PORTFOLIO Annual Reports from 2005 through 2010 within fourteen days.

H.  Request for Production of Documents Number 5

RPD 5 requests that NCOFS "Produce all DOCUMENTS and tangible things identified in response to Interrogatory No. 9 above."

As discussed above in connection with Interrogatory 9, NCOFS stated in its version of the joint statement, Dckt. No. 198-2 at 17-18, that it has fully responded to this interrogatory

7

with regard to account number XHU060. NCOFS also stated, however, that because plaintiffs believe certain documents from the collection action (MC-33539) were missing from NCOFS's document production, NCOFS would follow up with the attorney who handled the collection matter, and would supplement its response if necessary and in accordance with the Federal Rules of Civil Procedure. NCOFS is ordered to do so within fourteen days and the supplemental response shall be properly verified.

With regard to account numbers ASG117 and IN3910, as discussed above regarding Interrogatories 9 through 12, it does not appear that either of those accounts are relevant to this action or that discovery regarding those accounts is reasonably calculated to lead to the discovery of admissible evidence. Therefore, plaintiffs' motion to compel NCOFS to respond to RPD 5 with regard to account numbers ASG117 and IN3910 is denied. However, because there does not appear to be any privileged or proprietary information set forth in the documents submitted to the court for in camera review (Fact Sheets regarding "CRS# ASG117" and regarding "CRS# IN3910"), NCOFS shall provide plaintiffs with a copy of those documents within fourteen days. The copies of those documents that were provided to the court will be returned to defense counsel.

I. Request for Production of Documents Number 6

RPD 5 requests that NCOFS "Produce all DOCUMENTS and tangible things identified in response to Interrogatory No. 10 above."

As discussed above in connection with Interrogatory 10, with regard to account number XHU060, NCOFS was ordered to supplement its response to indicate: (1) it has not sold account XHU060; and (2) it has not bundled the account with others for sale. NCOFS has also stated that it is informed and believes the account was purchased by OSI Portfolio Services, Inc. in March 2005; it is informed and believes Portfolio Acquisitions, LLC acquired the rights to collect XHU060; that Portfolio Acquisitions, LLC was a wholly owned subsidiary of and subsequently merged into OSI Portfolio Services, Inc.; that OSI Portfolio Services, Inc. was

8

merged into NCOFS; and that NCOFS is the current owner of account XHU060. If NCOFS has any documents relating to those assertions that it has not already produced or agreed to produce, it shall produce those documents within fourteen days of the date of this order, or if covered by the purported stipulated protective order, within seven days of the date such protective order is signed.

With regard to account numbers ASG117 and IN3910, as discussed above regarding Interrogatory 10, it does not appear that either of those accounts are relevant to this action or that discovery regarding those accounts is reasonably calculated to lead to the discovery of admissible evidence. Therefore, plaintiffs' motion to compel NCOFS to respond to RPD 6 with regard to account numbers ASG117 and IN3910 is denied.

III.  Stipulated Protective Order

Also at the June 5, 2013 hearing, the court discussed the parties' differing versions of a stipulated protective order to be entered in this case. The court discussed the various topics of disagreement and instructed the parties to meet and confer further in an attempt to agree on a stipulated protective order that could be submitted to the court for approval. The parties shall file their proposed stipulated protective order within fourteen days of the date of this order.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motions to compel NCC and NCOFS to respond to discovery, Dckt. No. 170 and 171, are granted in part and denied in part, as set forth herein;[4] and

////
////
////
////

---

[4] Because the motions to compel were granted in part and denied in part, each party shall bear its own costs. *See* Fed. R. Civ. P. 37(a)(5)(C).

2. The Clerk of Court is directed to return to defense counsel the documents submitted to the court for in camera review (Fact Sheets regarding "CRS# ASG117" and regarding "CRS# IN3910").

Dated: June 6, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE