UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANINE CAUSEY A/K/A/ JEANINE BOYD, ROBERT CAUSEY, ) ) ) | Case No. 10-cv-02781-KJM-EFB |
| Plaintiffs, ) ) | PROTECTIVE ORDER |
| vs. ) ) | |
| PORTFOLIO ACQUISITIONS, LLC, NCC, A DIVISION OF COMMONWEALTH FINANCIAL SYSTEMS, and DOES 1 through 25, inclusive, ) ) ) ) ) ) | |
| Defendants. ) ) | |

On June 6, 2013, the undersigned issued an order directing the parties to meet and confer further in an attempt to agree on a stipulated protective order that could be submitted to the court for approval, and to file their proposed stipulated protective order within fourteen days of the date of that order, or by June 20, 2013.  Dckt. No. 201 at 9. Defendants NCO Financial Systems, Inc., successor in interest to Portfolio Acquisitions,

Protective Order

1

LLC and NCC, A Division of Commonwealth Financial Systems, filed a proposed protective order on June 20, 2013. Dckt. No. 202. Plaintiffs did not initially file a response to that proposed order. Nor did they file their own proposed version of a protective order. Therefore, on June 25, 2013, the undersigned issued a minute order giving plaintiffs until June 28, 2013 to file a response to defendants' proposed order, along with their own proposed order. Dckt. No. 203.

On June 28, 2013, plaintiffs filed a statement regarding defendants' proposed protective order, along with their own proposed protective order, which is very similar to defendants' proposal but with a few modifications. The suggested modifications include (1) deletion of the reference to what confidential information may be presented to the jury; (2) addition of an "Attorney's Eyes Only" provision; and (3) a modification of the dispute resolution process set forth in defendants' proposed protective order. Dckt. No. 204.

The court has reviewed both proposed protective orders and finds that good cause supports issuing the following protective order.

Accordingly, IT IS HEREBY ORDERED:

1.  In connection with discovery proceedings or non-discovery voluntary disclosures in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to business strategies,

processes, operations, type of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

  2. By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

  3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

  4. Testimony taken at a deposition, conference, or hearing may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

  5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstract, or other documents derived in

whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action.

6. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action;

(e) personnel associated with the insurance carrier for either party; and

(f) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7. Depositions shall be taken only in the presence of qualified persons.

8. The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the matter described in paragraphs 3 and 4 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through 6(f) above, but shall be disclosed to a party, or an officer, director, or employee of a party, unless otherwise agreed or ordered. If material or testimony is designated as Attorney's Eyes Only Material, all other provisions in this order with respect to Confidential Material shall also apply.

9. Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery or non-discovery voluntary disclosures in this action, whether or not such material is also obtained through discovery or non-discovery voluntary disclosures in this action, or from disclosing its own Confidential Material as it deems appropriate.

10. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and the party seeking to file the papers containing Confidential or Attorney's Eyes Only Material shall comply with the procedures set forth in Local Rule 141 regarding the sealing of

documents.  The filing party shall not file the material unless and until that party obtains a court order regarding the request to seal.

11.   In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12.   This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  The party designating the document or information as confidential bears the burden of proving such document or information is confidential if challenged.  If the confidential designation is challenged, the challenging party shall so advise the designating party in writing.  The challenging party and the designating party shall meet and confer within fourteen days of such notification.  If the parties are not able to resolve that issue, the challenging party shall file a motion to challenge such designation within 14 days after the impasse is reached, as confirmed in writing by either side. During the pendency of such motion, the document(s) shall retain its confidential status as designated.  If there is no such motion timely filed by the challenging party, the document shall retain its confidential status as designated.  This Order shall not be

deemed to prejudice the parties in any way in any future application for modification of this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to the Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof. The Court may modify the protective order in the interests of justice or for public policy reasons.

Dated: July 10, 2013

_____
HON. EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Protective Order

7

## Attachment A

## **NONDISCLOSURE AGREEMENT**

I, _____, state that I have been shown and know the terms of the Protective Order entered in *Jeanine Causey a/k/a Jeanine Boyd, Robert Causey v. Portfolio Acquisitions, LLC; NCC, A Division of Commonwealth Financial Systems, and DOES 1 through 25, inclusive*, United States District Court for the Eastern District of California, Civil Action No. 10-CV-02781 KJM-EFB and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____