IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

        Plaintiffs,                    No. 2:10-cv-2781-KJM-EFB PS

    vs.

PORTFOLIO ACQUISITIONS, LLC;      ORDER
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.,

        Defendants.
                               /

       This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On July 26, 2013, defendants filed motions for summary judgment, and noticed those motions for hearing on August 28, 2013.  ECF Nos. 206, 207.  Then, on July 31, 2013, plaintiffs filed a motion for a thirty day extension of time to respond to the motions, arguing *inter alia* that plaintiffs were not provided copies of their April 26, 2013 deposition transcripts until July 29, 2013 and were not provided an opportunity to review those transcripts as provided in Federal Rule of Civil Procedure 30(e); defendants have not produced certain confidential documents that plaintiffs contend defendants were required to produce last month; plaintiff Robert Causey's work obligations currently restrict the amount of time he has available to oppose the summary

1

judgment motions; and plaintiff Jeanine Causey will be out of the state tending to her mother at the time of the scheduled August 28 hearing.[1]  ECF No. 208 at 2-6.  Therefore, plaintiffs request that the August 28 hearing be continued to November 13, 2013, and that their oppositions to the motions be due on October 27, 2013.  *Id.* at 6.

Although the instant request will be granted and the hearings on the motions for summary judgment will be continued, plaintiffs are admonished that further extensions of time will be looked upon with disfavor and will not be granted absent a showing of substantial cause.  If plaintiffs intend to proceed with this litigation they must comply with the court's scheduling orders and the Local Rules and Federal Rules of Civil Procedure.  The failure to do so my result in sanctions, including an order for dismissal.  *See* Fed. R. Civ. P. 16(f); Local Rule 110.

Additionally, the court informs plaintiffs of the following with respect to opposing a motion for summary judgment under Federal Rule of Civil Procedure 56:  Such a motion is a request that the court grant judgment in defendants' favor without trial.  A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law.  To oppose a motion for summary judgment, plaintiffs must show proof of their claims.  To do this, they may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiffs have personal knowledge of the matters stated and plaintiffs specify the parts of the complaint upon which they relies.  Plaintiffs also may file one or more affidavits or declarations setting forth the facts that plaintiffs believe prove their claims, as long as the person who signs it has personal knowledge of the facts stated.  Plaintiffs may rely on written records, but they must prove they are what plaintiffs assert them to be.  Plaintiffs may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If

---

[1] Plaintiffs also request that the court order that the April 26, 2013 depositions of plaintiffs be "thrown out in their entirety" and that "defendants be sanctioned for their continued refusal to produce discovery as ordered . . . ."  ECF No. 208 at 6.  However, because neither of those requests is properly before this court, both requests will be denied without prejudice.

2

1  plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible
2  evidence, the court may accept defendants' evidence as true and grant the motion.  If there is
3  good reason why such facts are not available to plaintiffs when they are required to oppose a
4  motion for summary judgment, the court will consider a request to postpone considering the
5  motion.  If plaintiff does not file a written opposition to the motion or a request to postpone
6  consideration of it, the court may consider the failure to act as a waiver of opposition to the
7  defendants' motion.  If the court grants defendants' motion, whether opposed or unopposed,
8  judgment will be entered for defendants without a trial and the case will be closed.

9        Accordingly, IT IS HEREBY ORDERED that:

10      1. Plaintiffs' motion for an extension of time, ECF No. 208, is granted.

11      2. Plaintiffs' requests that the April 26, 2013 depositions of plaintiffs be thrown out and
12  that defendants be sanctioned, ECF No. 208 at 6, are denied.

13      3. The August 28, 2013 hearing on defendants' motions for summary judgment, ECF
14  Nos. 206 and 2067, is continued to November 13, 2013 at 10:00 a.m. in Courtroom No. 8;

15      4. Plaintiffs shall file oppositions to the motions for summary judgment, or statements of
16  non-opposition thereto, no later than October 23, 2013.

17      5. Also on or before October 23, 2013, plaintiffs shall file responses to defendants'
18  statements of undisputed facts, as required by Local Rule 260(b).[2]

19  /////
20  /////

---

[2] Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."  Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."

6. Failure of plaintiffs to file oppositions may be deemed a statement of non-opposition to the motion(s), and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules.[3] *See* Fed. R. Civ. P. 41(b).

7. Defendants may file replies to plaintiffs' oppositions on or before November 6, 2013.

SO ORDERED.

DATED: August 7, 2013.

_/s/ Edmund F. Brennan_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Local Rule 230(c) provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).