IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEANINE CAUSEY;
ROBERT CAUSEY,

      Plaintiffs,                                No. 2:10-cv-2781-KJM-EFB PS

    vs.

PORTFOLIO ACQUISITIONS, LLC;         ORDER
NCC, A DIVISION OF COMMONWEALTH
FINANCIAL SYSTEMS, INC.,

      Defendants.
_____/

On July 26, 2013, defendants filed motions for summary judgment, and noticed those motions for hearing on August 28, 2013.[1] ECF Nos. 206, 207. The motions rely, in part, on transcripts of the plaintiffs' deposition testimony. Plaintiffs have filed a variety of motions complaining about and seeking to prevent the use of those transcripts. The crux of their complaint is that the deposition reporter did not provide plaintiffs copies to review and, if necessary, correct and then sign. As discussed below, plaintiffs will be permitted such an opportunity, and their several motions are denied.

/////

---

[1] This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

On July 31, 2013, plaintiffs filed a motion for a thirty-day extension of time to respond to the motions for summary judgment, arguing that they were not provided copies of their April 26, 2013 deposition transcripts until July 29, 2013 and that they were not provided an opportunity to review those transcripts as provided in Federal Rule of Civil Procedure 30(e). The court granted plaintiffs' request for an extension of time and a hearing on defendants' motions for summary judgment is currently set for hearing on November 13, 2013.

Notwithstanding the additional two and half months the court provided plaintiffs to review their depositions and prepare an opposition to defendants' motions, plaintiffs now move to strike the transcripts of their depositions and attendant portions of defendants' statements of undisputed facts, and to strike defendants' motions for summary judgment based on defendants' alleged failure to timely notify plaintiffs that their deposition transcripts were ready for review.[2] Plaintiffs also moves for sanction based on defendants' alleged failure to comply with this court's June 6, 2013 order granting in part their motion to compel discovery.

I.   Motions to Strike

Plaintiffs depositions were taken on April 26, 2013. ECF No. 212 at 33. At the conclusion of the depositions, they were told that they would receive a notice in the mail informing them when the deposition transcripts were ready for review and would have an opportunity to review the transcripts for accuracy at the offices of Veritext, the court reporting agency. *Id*. On July 29, 2013, subsequent to defendants moving for summary judgment, plaintiffs received courtesy copies of the deposition transcripts from defendants.[3] *Id*. at 34.

/////

---

[2] Plaintiffs' motion to strike their depositions is styled as a motion to suppress and their motion to strike defendants' motion for summary judgment is styled as a motion to dismiss. The court construes both motions as motions to strike.

[3] Plaintiffs takes issue with the fact that the courtesy copies they received did not include signed copies of the court reporters' certifications. *See* ECF No. 212 at 34, 44 (Ex. 2.). Defendants, however, submitted with their opposition to the current motions copies of the certifications, reflecting that the depositions are indeed certified. Defs.' Opp'n (ECF No. 218), Exs. C and D.

However, they never received notice that the transcripts were ready for review, and consequently never had an opportunity to review the transcripts as required by Federal Rule of Civil Procedure 30(e). For that reason, plaintiffs contend that the court should strike their deposition transcripts.

Federal Rule of Civil Procedure 30(e)(1) provides that upon the request of the deponent, "the deponent must be allowed 30 days after being notified by the officer that transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them."

Defendants do not dispute that plaintiffs did not timely receive notice that their deposition transcripts were ready for review. However, defendants noted that the court reporting agency, which is Veritext in this case, is typically responsible for making deposition transcripts available to the deponent. ECF No. 218 at 2. According to defendants, "Apparently, there was a miscommunication between the court reporter and Veritext Legal Solutions . . . , and the deposition transcripts were not sent to Plaintiffs for their review prior to the filing of Defendants' summary judgment motions." *Id*. Defendants further explain that the delay in plaintiffs receiving copies of the deposition transcripts was the reason why they did not oppose plaintiffs' motion for an extension of time to file an opposition to defendants' motions for summary judgment. *Id*.

Federal Rule of Civil Procedure 30(e) does not provides a time period in which the court reporter must notify the deponent that the transcripts are ready for review. *See* Fed. R. Civ. P. 30(e)(1). Nonetheless, plaintiffs should have received a copy of their transcripts for their review prior to the transcripts being designated "certified," and before defendants filed their motions for summary judgment. Plaintiffs, however, have been given additional time file an opposition to defendants' motions for summary judgment and to review the depositions. *See* ECF No. 209.

/////

/////

Therefore, plaintiffs cannot show prejudice. Accordingly, there is no basis for striking plaintiffs' depositions, attendant portions of defendants' statement of undisputed facts, and defendants' motions for summary judgment. Plaintiffs' motions to strike are therefore denied.

Plaintiffs, however, will be provided an opportunity sign and submit a statement listing their changes to their answers in deposition transcripts and the reason for such changes. As plaintiffs concede, they received a courtesy copy of the deposition on July 29, 2013. Therefore, they have had adequate time to review the transcripts and are already aware of what, if any corrections they wish to make to their testimony. Accordingly, plaintiffs shall within seven days of the service of this order submit the list to the appropriate officer as provided by Federal Rule of Civil Procedure 30(e)(1)(B). Plaintiffs are admonished that "[w]hile the language of FRCP 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Hambleton Cros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1225 (9th Cir. 2005). Finally, this order is without prejudice to defendants' right at trial or on summary judgment to comment upon the changes to any of plaintiffs' answers as recorded in the transcripts.

II.     Motion for Sanctions

Plaintiff also request that defendants be sanctioned for failing to comply with this court's June 6, 2013 order requiring defendant to produce certain documents. Plaintiffs contend that while defendants have produced confidential documents pursuant to that order, the documents provided are highly redacted and therefore do not adequately comply with this court's order.

It appears that the only communication made between the parties in an attempt to resolve this discovery dispute was a brief telephone conversation on August 21, 2013. Pls.' Reply (ECF No. 220) 5; ECF No. 218 at 6. Local Rule 251(b) provides that a discovery motion will not be heard unless "the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). The Rule further provides that "[c]ounsel for all interested parties shall confer in

1  advance of the filing of the motion or in advance of the hearing of the motion in a good faith
2  effort to resolve the differences that are the subject of the motion.  Counsel for the moving party
3  or prospective moving party shall be responsible for arranging the conference, which shall be
4  held at a time and place and in a manner mutually convenient to counsel." *Id.*; *see also* E.D. Cal.
5  L.R. 251(e) (exempting parties from filing a Joint Statement regarding Discovery Disagreement
6  when there has been a complete and total failure to respond to a discovery request or order or
7  when the only relief sought by the motion is the imposition of sanctions, but not exempting the
8  parties from attempting to meet and confer).

9        Here, it does not appear that the parties have adequately attempted to meet and confer as
10 required by this court's local rules.  Accordingly, plaintiffs' motion for sanctions is denied.

11       Accordingly, IT IS HEREBY ORDERED that:

12       1.  Plaintiffs' motion to strike the depositions of Robert Causey and Jeanine Causey (ECF
13 No. 212) is denied;

14       2.  Plaintiffs' motion to strike portions of defendants' statement of undisputed facts (ECF
15 No. 212) is denied;

16       3.  Plaintiffs' motion to strike defendants' motions for summary judgment (ECF No. 212)
17 is denied;

18       4.  Plaintiffs' motion for sanctions (ECF No. 212) is denied; and

19       5.  Plaintiffs shall, within 7 days of the service of this order, submit a signed statement
20 listing any proposed changes to their testimony as recorded in their deposition transcripts and the
21 reasons for any such changes to the appropriate officer as permitted by Federal Rule of Civil
22 Procedure 30(e).

23 DATED: September 23, 2013.

                                      EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE